BROWN & POUNDS, Appellant, v. SOUTH JOPLIN LEAD & ZINC MINING COMPANY.

### Division One, November 30, 1910.

1. **FINDING OF FACTS: Appellate Practice.** In an action at law, a finding of facts by the court sitting as a jury, is, on appeal, binding on the appellate court. And that rule applies in an action for fraud and deceit, to a finding that, after plaintiff had knowledge of the falsity of defendant's representation concerning the amount of pay ore and drifts in a mine, he entered into a new agreement, for a valid consideration, reducing the royalties and making other changes in the lease.

2. **FRAUD AND DECEIT: Waiver: New Contract.** So long as the party adheres to the original contract, things done under that contract and required by its terms, will not work a waiver of an action for fraud and deceit inducing the contract, even though they be done after a discovery of the fraud. But a party entitled to recover for fraud and deceit and having knowledge of the fraud and deceit in the original contract, who thereafter makes a new agreement respecting the subject-matter, thereby waives his right to recover damages for the fraud and deceit which induced the original contract.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

Affirmed.

*J. W. McAntire* for appellant.

(1)   The points surrounding this case hinge upon the declaration of law as given by the court, which is as follows: "The court declares the law to be that if prior to entering into the new contract dated February 18, 1901, changing the terms of said lease and reducing the royalty, the plaintiffs, or their superintendent, Strickler, had knowledge of the falsity of the alleged misrepresentations made by Pain, then plaintiffs waived the fraud and cannot recover." The contract

of February 18, 1901, was a proposition made by the defendant to the plaintiffs after plaintiffs' mill had burned down and before they had sunk the shaft to the full depth, that until February 18, 1901, plaintiffs made no ore whatever, and also shows that after February 18, 1901, they sunk the shaft to a depth of one hundred and eighty-three feet and in running the drift north-ward, then it was that they ascertained the total falsity of Pain's statements. There was in fact no reduction of royalty, but simply a change of the application of the royalty. So the honorable court was in error when he gave the declaration of law above referred to.

(2) Ratification prevents subsequent rescission, but on principle it should not waive the right of action for damages; and some authorities so hold on the ground that the action for deceit necessarily presumes that the contract is affirmed. Page on Contracts, section 139; Wilson v. Nichols, 72 Conn. 173; Andrew v. Jackson, 168 Mass. 266; Jarrett v. Morton, 44 Mo. 275; Parker v. Marquis, 64 Mo. 38; Finley v. Bryson, 84 Mo. 669; Nauman v. Oberle, 90 Mo. 666; Campbell v. Huff, 129 Mo. 324; Lomax v. Railroad, 106 Mo. App. 554; Shumabarger v. Shelton, 41 Mo. App. 155; Norman v. Harrington, 118 Mich. 623; Lennox v. Fuller, 39 Mich. 269; McIntire v. Beuell, 132 N. Y. 192; McLain v. Parker, 229 Mo. 68. We recognize the doctrine laid down in the case of Schmidt v. Mesmer, 116 Cal. 267, but claim that it is not applicable to the facts in this case. (3) The plaintiffs when they accepted the proposition made by defendant, must have done so with the intention of abandoning and relinquishing their right to sue for damages, in order to constitute a waiver of that right. Fulkerson v. Lynn, 64 Mo. App. 649; Saving & Loan Assn. v. Trust Co., 73 Mo. App. 161; West v. Clapp, 127 Mass. 372. To make out a case of a waiver of a legal right there must be a fair, unequivocal and decisive act of the party showing such a purpose or acts amounting to an estoppel on his part. How can

it be said that the mere fact that plaintiff agreed to build a new mill on the ground and purchase defendant's tools and machinery and spend money to obtain enough ore to pay $1000 out of royalty, was either an intentional relinquishment of their right or an estoppel, when all expenses were paid by plaintiffs and nothing by defendant. Bank v. Maxwell, 126 Cal. 360. (4) The plaintiffs, not having fully executed the contract, even though they subsequently performed the same with knowledge of the fraud, acquired subsequent to the making and previous to the performance, will not be barred from their remedy for the recovery of damages. Parker v. Marquise, 64 Mo. 38; Nauman v. Oberle, 90 Mo. 666; Campbell v. Huff, 129 Mo. 324. The mere fact that plaintiffs accepted defendant's proposition as shown on the records, that is, the contract referred to by the court as the new agreement of February 18, 1901, was not a waiver of plaintiffs' right of action for damages for misrepresentation and fraud. Cottrill v. Krum, 100 Mo. 397. The statements offered in evidence and found by the court to exist, that is, the alleged false and fraudulent representations made by Pain as to the ground north of the new shaft and the proximity of the old drift in said new shaft, were found by the court to be false and in such case we are entitled to recover damages. Kendrick v. Ryus, 225 Mo. 150; Tooker v. Alston, 159 Fed. 599; Farquhar v. Farquhar, 80 N. E. 654. The plaintiffs by accepting the proposition of February 18, 1901, did not waive their right to recover damages as decided by the court, and declaration of law given by him on behalf of defendant was error. McLain v. Parker, 229 Mo. 68; Parker v. Marquise, 64 Mo. 38; Nauman v. Oberle, 90 Mo. 666; Gilchrist v. Mannering, 54 Mich. 210; Hayman v. Neal, 43 Minn. 315; Pryor v. Foster, 1 N. Y. Supp. 774; New York Land Imp. Co. v. Chapman, 118 N. Y. 288; Mallory v. Leach, 35 Vt. 156; Sell v. Logging Co.,

88 Wis. 581; Brown v. Morrill, 105 N. Y. Supp. 191; Whitney v. Allaire, 1 N. Y. 305; Shagun v. Mfg. Co., 162 Fed. 225.

*Spencer, Grayston & Spencer* and *Meredith & Harwood* for respondent.

(1) The plaintiffs, after a full knowledge of the alleged misrepresentations on which this action is based, having entered into a new contract with the defendant by which they were given further time for building the mill and a reduction of the royalty, and otherwise changing in their favor the terms of the lease, thereby confirmed and ratified the then existing lease, and such act on the part of the plaintiffs was in law a waiver of their right of action on account of the alleged fraud. 14 Am. and Eng. Ency. Law, (2 Ed.), 171; Harms v. Woolf, 114 Mo. App. 387; Simon v. Shoe Co., 105 Fed. 580; Negly v. Lindsay, 67 Pa. St. 217; Peoples v. Stephens, 71 N. Y. 527; Bigelow on Fraud, 184; Love v. Oldham, 22 Ind. 51; Nounnan v. Land Co., 81 Cal. 1; Schmidt v. Messer, 116 Cal. 267; St. John v. Hendrickson, 81 Ind. 350; Cooley on Torts, 505; Doherty v. Bell, 55 Ind. 205; Hatcher v. Hatcher, 139 Mo. 626; Taylor v. Short, 107 Mo. 394; Louis v. Land Co., 124 Mo. 687; Burnham v. Smith, 82 Mo. App. 49; Roark. v. Trust Co., 130 Mo. App. 401; Kingman v. Stoddard, 85 Fed. 740; Hayward v. Bank, 96 U. S. 618; Richardson v. Lowe, 149 Fed. 625; Shagun v. Mfg. Co., 162 Fed. 209; Pomeroy's Equity Jurisprudence, sec. 897. (2) In the former trial of this case by the Supreme Court, reported in Brown v. South Joplin Lead & Zinc Mining Co., 194 Mo. 681, the court reviewed the evidence and decided as a matter of law that if the facts disclosed upon the retrial of the case were the same as indicated in the record before the court on the first appeal, the plaintiffs could not recover and the trial court should so direct the jury. The burden is upon the plaintiffs on the second appeal by them, to

show affirmatively that the evidence on the second trial of the case was substantially different from that before the Supreme Court on the first appeal, otherwise the matter is *res adjudicata* on the second appeal, and the Supreme Court on the second appeal by the plaintiffs, where judgment has been rendered against the plaintiffs and in favor of the defendant by the trial court, will affirm the judgment of the trial court on the ground that the judgment is for the right party, regardless of any possible error on the part of the trial court in giving an instruction. Stern v. Foltz, 152 Mo. 559; Lower v. Coal Co., 126 S. W. 987; State v. Buck, 130 Mo. 480; O'Donnell v. Patton, 117 Mo. 13.

GRAVES, J.—This is the second appearance of this cause in this court. When first here it appears that the plaintiffs had obtained a verdict for something over fourteen thousand dollars, which verdict the trial court set aside for reasons assigned, and the plaintiffs appealed. [Brown v. Lead & Zinc Mining Co., 194 Mo. 681.] Upon that appeal, Fox, J., by opinion eliminated much of plaintiff's case. The action is one for fraud and deceit in the execution of a certain mining lease, the pleadings being fully analyzed in the former opinion. When the case was remanded by this court the defendant amended its answer, and pleaded that after the execution of the lease pleaded and after plaintiff knew of the facts, they entered into a new and subsequent contract, by which the original lease was ratified and modified, and that by so entering into the new agreement plaintiffs waived and lost all the rights to sue for and recover any damages by reason of the alleged fraud and deceit. The trial court found that such subsequent contract had been made and that by reason thereof plaintiffs were precluded from recovering. In this regard the case is different from that of the former appeal, otherwise it remains very largely the same. For a fuller statement the former opinion,

194 Mo. 681, should be read with this. We shall take the question of this subsequent contract and its effect first, and then if necessary discuss other questions.

I.   The case was tried before the court, and upon motion of the defendant certain finding of facts were made. This was done by the defendant presenting a number of findings of fact and asking the court to give or refuse the same as is done with instructions. Instructions were also presented for the action of the court. The court among other findings of fact gave and made the following two, which are important upon the issue now under.discussion:

"The court sitting as a jury finds the following facts:  That the only ground of recovery on which plaintiffs offered any evidence was the alleged false and fraudulent representations made by Henry B. Pain as to the new shaft on lot 9 being on solid ground and as to the proximity and direction of the old drifts in reference to said new shaft.

"The court sitting as a jury finds the following facts:  That on February 18, 1901, plaintiffs entered into a new contract in writing with defendant company for a valid consideration, reducing its amount of the royalty and making other changes in the lease, and at that time plaintiffs had knowledge of the falsity of the alleged misrepresentations made by Pain on which this action is based.

"The court sitting as a jury finds the following facts:  That in sinking the new shaft the plaintiff struck at a depth of about one hundred and forty-six feet a small prospect drift leading into a large drift, referred to in the plaintiffs' petition, and the plaintiffs had the prospect drift cleaned out, and had knowledge of facts showing the falsity of Pain's misrepresentations, upon which this action is based, and up to that time the plaintiffs had expended the sum of $3476."

These findings become important because the evi-

dence upon which they were made is not before us, although the plaintiff seems to have excepted to the findings. The abstract simply says what the evidence tends to show upon both sides. This is an action at law and we are bound by these findings. [Snuffer v. Karr, 197 Mo. l. c. 188, and cases therein cited.]

The finding of facts, to which we must bow, is to the effect that there was a new agreement made after the plaintiffs were fully possessed of the facts. This new agreement was to the advantage of the plaintiffs as the record runs. Under such circumstances the trial court did not err in holding that plaintiffs had waived their action for fraud and deceit under the original contract. In cases of fraud and deceit the party has two remedies. First, he may rescind the contract, or, secondly, he may fully perform the contract, and sue for damages resulting from the fraud and deceit. Nor does it appear that there can be a waiver of damages for the fraud and deceit, so long as the party adheres to the original contract. He is not compelled to abandon his original contract upon the discovery of fraud, but may go on in the fulfillment thereof and rely upon his action for fraud and deceit. Such would seem to be the doctrine of the cases relied upon by the plaintiffs of which the following are samples: [Norman v. Harrington, 118 Mich. 623; Haven v. Neal, 43 Minn. 315; Sell v. Logging Co., 88 Wis. 581; Wilson v. Nichols, 72 Conn. 173.]

But whilst this is true, yet where a party entitled to recover for fraud and deceit has knowledge of the fraud and deceit in the original contract and thereafter makes a new agreement, the case law seems to preclude a recovery for the fraud and deceit tincturing the original contract. The making of a new agreement touching the subject of contract has been denominated as an exception to the rule that the affirmance and further prosecution of a contract tinctured with fraud and deceit do not bar a recovery.

In 14 Am. and Eng. Ency. Law (2 Ed.), p. 171, this idea of an exception is thus expressed: "The rule that affirmance of a contract with knowledge of fraud does not bar an action for damages is subject to the limitations that the party defrauded must stand towards the other party at arm's length, must comply with the terms of the contract on his part, must not ask favors of the other party or offer to perform the contract on conditions which he has no right to exact, and must not make any new agreement or engagement respecting it. If he does so he waives the fraud."

In 1 Page on Contracts, sec. 139, it is said: "Since fraud in the inducement makes a contract voidable, . . . the party defrauded may make the contract valid by electing, with full knowledge of the facts, to treat it as valid. Thus, a promise to pay the purchase money, making a partial payment thereon, the payment of interest thereon, an assignment of a mortgage, the obtaining of an extension of time, renewing a note, or making payments thereon, *making a new contract,* or receiving money under the contract, or leasing the property bought through fraud, or remaining in possession and making improvements, or taking security for performance, or treating as his own property received under the contract, or other performance of an executory contract, or bringing suit on the contract, are all acts which amount to a ratification if done after discovery of the fraud and with full knowledge thereof." The italics in the foregoing are ours.

The California court has very concisely thus stated the doctrine in the case of Schmidt v. Mesmer, 116 Cal. l. c. 270: "It is no doubt the law, that while where a party seeks to rescind a contract into which he was induced to go by the fraudulent representations of another party, he must rescind at once upon the discovery of the fraud, and restore the other party, as near as may be, to his former condition, yet he may elect to go on with the contract and sue to recover

damages for the deceit, without giving any warning to the other party that he intends at some future time to charge him with fraud. This rule, when applied to a continuous contract which runs through a series of years, sometimes, no doubt, works an injustice to the party charged with fraud. It is true that one actually guilty of fraud is not entitled to much consideration. But the real difficulty usually is to determine whether or not the alleged fraud actually existed, and the issue has generally to be determined upon conflicting testimony, and in accordance with the preponderance of evidence. In such a case it is evident that the party who keeps his intended charge of fraud secret for years has a great advantage in preparing for a future intended action, which he alone anticipates, over his adversary, who has had no intimation of such action or such charge of fraud, and has had no reason to preserve or discover evidence concerning it. *But this rule, which relieves a. party when he chooses to sue for damages from any of the acts required of him when he elects to rescind, is subject to some just limitations. If, after his knowledge of what he claims to have been the fraud, he elects not to rescind, but to adopt the contract and sue for damages, he must stand toward the other party at arm's length; he must on his part comply with the terms of the contract; he must not ask favors of the other party, or offer to perform the contract on conditions which he has no right to exact, and must not make any new agreement or engagement respecting it; otherwise he waives the alleged fraud."* Again the italics are ours.

In this Schmidt case is a resume of the case law upon the subject. We do not find it questioned except in the dissenting opinion of SANBORN, J., in the case of Schagun v. Scott Mfg. Co., 162 Fed. 1. c. 224-5. The principal opinion in that case by PHILIPS, J., accords with the California court. In Taylor v. Short, 107 Mo. 384, is found in effect a recognition of the doctrine.

That case was to rescind a contract rather than for damages for fraud and deceit, yet many expressions used by SHERWOOD, J., accord with the views above expressed.

In fact, plaintiffs' counsel do not in their brief dispute the well founded doctrine of the California case, supra, but urge that this case does not fall within the rule. We are of the opinion that it does, and if so there is no error in the trial of this cause. As to whether it does so fall within this rule we discuss in the next paragraph.

II.   As indicated above the case law is to the effect that so long as the party adheres to the original contract, things done under that contract and required by its terms will not work a waiver of an action for fraud and deceit, even though such things be done after a discovery of the fraud. To illustrate, if by the original contract partial payments are to be made, such payments, being under the contract, do not waive an action for damages for fraud and deceit, although such payments are made after the discovery of the fraud. It must be borne in mind that the party defrauded has two remedies, i. e., (1) an action to rescind, which should be brought upon discovery of the fraud, and (2) action for fraud and deceit, which action is on the theory that the injured party will comply with the contract induced by the fraud, but will ask damages occasioned by the fraud. In the latter case he does not have to act upon the first discovery of the fraud. He has a right to go on with his contract and fulfill it to the letter, and hold whatever property he got under the contract, and then thereafter bring his action for the damages occasioned by the fraud and deceit of his adversary. [Cottrill v. Krum, 100 Mo. l. c. 405 and 406.] Many cases might be cited. An action for fraud and deceit contemplates that the party adheres to his original contract with its burden and benefits, and that he

can hold the property acquired and yet have damages for the injury done him by the fraud and deceit practiced upon him in the procurement of the contract. He can even recover in such action for the benefits of the bargain. [Kendrick v. Ryus, 225 Mo. 150.] All, however, upon the theory that he adheres to the contract.

The rule, however, is different, as we have seen, when he, after knowledge of the fraud, enters into a new contract.

Plaintiffs urge, however, that the court found that they had expended $3476 before they discovered the fraud, and this they claim takes the case out of the rule as to waiver.

We are not impressed with this contention. This doctrine of waiving the right to sue for fraud and deceit by entering into a new agreement concerning the same subject-matter, may well be sustained on the theory that all such questions were considered by the parties in making the new agreement. If at the time the parties entered into the new agreement the facts as to the fraud and deceit were known, it is to be presumed that both parties acted with that question in view, and the new agreement was the wiping out of all old scores. Such seems to be the case law, and it is reasonable. Considering the facts found, there was no error upon the part of the trial court, and its judgment is affirmed. All concur.