J. W. CARR, Appellant, v. BIRD SWIFT and A. A. SWIFT, Respondents.

Springfield Court of Appeals, November 5, 1914.

1. FRAUD AND DECEIT: Remedies. In cases of fraud and deceit the party has two remedies: (a) He may rescind the contract; (b) he may fully perform the contract and sue for damages resulting from the fraud and deceit.

2. ———: Adherence to the Contract: No Waiver of Damages. In an action for fraud and deceit, so long as the party adheres to his original contract, there is no waiver of damages for such fraud and deceit. ·

3. ———: Laches: Equitable Defense: Counterclaim: Lega¹ Action on a promissory note. Defendant in a counterclair asked for damages on account of false and fraudulent repre-

sentations of plaintiff in effecting a trade and contract, but did not ask for rescission of the contract. While the defense of laches might have been applied in an attempted rescission, it could not in the alleged counterclaim, since such defense was legal in its nature.

4. ————: Effect on Contracts and Documents. Fraud vitiates even the most formal documents and contracts.

5. ————: Grantor and Grantee: Defrauded Grantee: Remedies. A defrauded grantee is not confined to the covenants of warranty in his deed nor need he go into equity to rescind the contract. He may hold what he got under the contract and sue at law for his damages.

Appeal from Barton County Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*Garry H. Yount* for appellant; *Stuart L. Clark* of counsel.

(1) The right to rescind a contract on the ground of fraud must be exercised on the discovery of the fraud. Taylor v. Short, 107 Mo. 384; Althoff v. Transit Co., 204 Mo. 171; Wood v. Telephone Co., 223 Mo. 565; Bushnell v. Loomis, 234 Mo. 382; Long v. Vending Machine Co., 158 Mo. App. 665; Meinershagen v. Taylor, 169 Mo. App. 23; Light & Power Co. v. Machine Co., 170 Mo. App. 231; City Light, Power, Ice & Storage Co. v. St. Mary's Machine Co., 156 S. W. 86. (2) Where in a suit in equity the petition and evidence shows laches sufficient to defeat the relief demanded, the defense of laches need not be pleaded in order to be available. Stevenson v. Smith, 189 Mo. 447; Dexter v. MacDonald, 196 Mo. 403. (3) Laches is measurable by conduct of the parties and equities, rather than by limitations. Shelton v. Horrell, 232 Mo. 358. (4) A court of equity will not listen to one who complains of having been misled, when it appears that he has deliberately refused or grossly neg-

lected to use his own senses to be informed. Jones v.
Rush, 156 Mo. 364; Curtiss v. Bell, 131 Mo. App. 245.

*McGilvray, Woodbury & Woodbury,* for respond-
ents.

(1)   The existence of the remedy at law does not
deprive equity of jurisdiction unless such remedy be
adequate.   By this is meant that it must be clear, com-
plete and as practical and efficient to the ends of justice
and its prompt administration as the remedy in equity.
16 Cyc., p. 41.   (2)   Laches is measured by the con-
duct of the parties and equities rather than by limita-
tions.   Shelton v. Horrell, 232 Mo. 358.   (3)   On this
matter the able judge who tried this case was in a bet-
ter position to judge than is this court and in equity
cases the courts of last resort defer to the finding of
the trial court who heard the evidence and who had an
opportunity of seeing the witnesses when they testi-
fied.   Fitzpatrick et al. v. Webber, 168 Mo. 562; Eas-
ter v. Easter, 151 S. W. 413; Kincer v. Kincer, 151
S. W. 424; Walther v. Null, 233 Mo. 104.

ROBERTSON, P. J.—Plaintiff brought his action
against the defendants, husband and wife, on a prom-
issory note for $800 alleging that it was secured by a
deed of trust on real estate in Carter county, that
the deed of trust was foreclosed and that $74.91 was
realized for said sale and credited on the note.   Judg-
ment was asked for the balance.   The defendants an-
swered, admitting the execution of the note and al-
leging three separate defenses.   The   third   defense,
a counterclaim, the one upon which the judgment was
entered, alleged that the note was given in a trade
between plaintiff and defendants, that the defendants
traded a stock of merchandise valued at $1823.19 to
the plaintiff for land represented to be encumbered
for the sum of $1554.27; that as a part of the trans-

action defendants executed the said note and the plaintiff also paid them the sum of $200 in cash; that this trade was brought about and induced by reason of false and fraudulent representations made by the plaintiff to defendants as to the character of improvements on and the title of plaintiff to said land; that the plaintiff represented that it was encumbered for said sum of $1554.27 only, when as a matter of fact there were three other deeds of trust thereon, and that they had been damaged in the sum of $3000 on account of the fraud and deceit of the plaintiff. A jury was waived and the trial resulted in a judgment against plaintiff on his cause of action and in favor of the defendants for $1600. The plaintiff has appealed. No declarations of law were asked or given. The deed of trust referred to in plaintiff's petition as securing the note was on the land traded to defendants and the notice of foreclosure was first published one month after the note became due. The plaintiff was the purchaser at the sale and the trustee's deed to him recites that it is made subject to three prior deeds of trust, aggregating considerably more than the amount represented to be against it when the trade was made.

The burden of appellant's contention here is based on the erroneous assumption that the counterclaim is one in equity based on a rescission. "In cases of fraud and deceit the party has two remedies. First, he may rescind that contract, or, secondly, he may fully perform the contract, and sue for damages resulting from the fraud and deceit. Nor does it appear that there can be a waiver of damages for the fraud and deceit, so long as the party adheres to the original contract. He is not compelled to abandon his original contract upon the discovery of fraud, but may go on in the fulfillment thereof and rely upon his action for fraud and deceit." [Brown v. Mining Co., 231 Mo. 166, 172, 132 S. W. 693.] The question of laches insisted upon by plaintiff here which may be invoked in an action in

equity where a party seeks to rescind the contract and recover back the property of which he has been defrauded is not involved in the third defense, which is one at law for fraud and deceit.

The plaintiff also contends that the defendants should be confined to the covenants in the warranty deed, executed by the plaintiff, but such is not the law, since the counterclaim is in the nature of an action of law for damages and "Fraud vitiates even the most formal documents." [Sawyer v. Walker, 204 Mo. 133, 159, 102 S. W. 544.] The deed was only incidentally involved. A defrauded grantee is not confined to the covenants of warranty in his deed "nor need he go into equity to rescind the contract, but he may hold what he got under the contract and sue at law for his damages." [Judd v. Walker, 215 Mo. 312, 355, 114 S. W. 979.]

There is no contention made here that the judgment is excessive. It is amply supported by the testimony and manifestly just.

The judgment is affirmed.

*Farrington, J.*, concurs. *Sturgis, J.*, concurs in result and files separate opinion.

## CONCURRING OPINION.

STURGIS, J.—I concur in the result on the ground that this is a suit for rescission, or rather on an already rescinded contract and for recovery of the purchase price of the land. [Vail v. Reynolds (N. Y.), 23 N. E. 303.] The trial court correctly held that no deed of reconveyance of the land to plaintiff was necessary because the plaintiff had reacquired the title by the foreclosure proceedings; that there was no laches on defendants' part sufficient to defeat their right to a rescission, one reason being that plaintiff had failed to furnish an abstract of title, as agreed, and defendants had no means of ascertaining the truth or falsity

of the representations. As plaintiff already had his land back, the defendants were entitled to a return of the purchase money on proof of material false representations, and this is all the defendants were awarded. The court would have awarded a return of the stock of goods, but the plaintiff, having disposed of the same, was properly adjudged to pay the value thereof in lieu of such return.