FILED

DEC 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD R. RUSSELL,<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>PACIFIC MOTOR TRUCKING<br>COMPANY,<br><br>       Defendant-Appellee. | No.   15-55060<br><br>D.C. No.<br>5:13-cv-00717-DOC-DTB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 10, 2016
Pasadena, California

Before: SCHROEDER and BYBEE, Circuit Judges, and SMITH,[**] Chief District Judge.

Plaintiff Ronald Russell appeals the grant of summary judgment in

Defendant Pacific Motor Trucking Company's ("PMTC") favor on his claims of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William E. Smith, United States Chief District Judge the District of Rhode Island, sitting by designation.

fraudulent misrepresentation and breach of contract. We affirm in part and dismiss in part.

1. Rule 56(e)(2) of the Federal Rules of Civil Procedure permits the district court to treat a fact as undisputed when "a party fails to properly support an assertion of fact or fails to properly address another party's assertion." Although Russell argued during summary judgment proceedings that certain facts were disputed, he failed to properly support his argument with evidence. The district court did not err in treating those facts as undisputed.

2. We review for an abuse of discretion a district court's determination that a party's affidavit is a sham. *Yeager v. Bowlin*, 693 F.3d 1076, 1079 (9th Cir. 2012). The so-called "sham affidavit" rule provides "that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). Portions of Russell's affidavit directly contradict his previous deposition testimony. For example, Russell testified during his deposition that, prior to entering the 2009 lease, no one from PMTC represented to him how long the owner-operator program would continue. In his affidavit, however, he claims that before signing the 2009 lease he was "assured that . . . the lease term would be indefinite as long as PMTC remained in business." Russell's explanation for changing his testimony was not supported

by the record. The district court did not abuse its discretion in disregarding those portions of the affidavit that directly contradicted Russell's former deposition testimony.

3. Summary judgment was appropriate on Russell's fraudulent misrepresentation claim. PMTC's alleged representations that the owner-operator program would be "a long-time thing" and that PMTC would provide equipment maintenance for program participants are both statements of intent. For statements of intent, Missouri law (which governs the parties' lease) requires plaintiffs alleging fraudulent misrepresentation to prove that the speaker never intended to perform as indicated. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 133 (Mo. 2010). Russell has not produced any evidence suggesting as much. He points only to the thirty-day cancellation provision, but a provision allowing either party to terminate an individual lease with thirty-days' notice says nothing about the intended longevity of the overall owner-operator program. And PMTC did in fact provide maintenance on owner-operators' trucks for a time, undermining any contention that PMTC never intended to provide such maintenance. *See id.* (holding that a defendant's attempts to perform consistent with its statements undermined the plaintiff's allegation that the defendant never intended to keep its promise).

3

Alternatively, Missouri law provides that a party who, after discovering the defendant's alleged fraud, enters into subsequent agreements concerning the same subject matter waives the right to sue for fraud. *Brown v. S. Joplin Lead & Zinc Mining Co.*, 132 S.W. 693, 694 (Mo. 1910). Russell signed the lease on his second truck with full knowledge of the lease's terms. He therefore waived his right to sue for fraud.

4. Summary judgment was also appropriate on Russell's breach of contract claim. Russell's complaint alleged that PMTC breached the lease agreement by (1) cancelling the owner-operator program and (2) failing to help Russell sell his truck after cancelling the agreement (an argument he later abandoned). On appeal, Russell only argues that PMTC should be equitably estopped from enforcing the cancellation provision and that PMTC breached its promise to provide maintenance. It appears from the record before us that Russell raised both of these claims for the first time in response to PMTC's motion for summary judgment. Plaintiffs may not raise allegations for the first time during summary judgment proceedings. *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). Accordingly, summary judgment was appropriate.

5. Our holding that summary judgment was appropriate on both of Russell's claims does not rely on the conversations that Russell alleges were protected by the

4

attorney-client privilege.  Accordingly, we need not decide whether the privilege applies.

6.      Russell fails to make any argument with respect to his contention that the district court erred in dismissing his First Amended Complaint.  "We review only issues which are argued specifically and distinctly in a party's opening brief.  We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review."  *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (citations omitted).  Further, the district court gave leave to amend the complaint, and Russell filed a Second Amended Complaint that addressed the court's concerns.  We see no need to revive the original complaint.

7.      "A timely notice of appeal from the judgment or order complained of is mandatory and jurisdictional.  Where no notice of appeal from a post-judgment order awarding attorneys' fees [or costs] is filed, the court of appeals lacks jurisdiction to review the order."  *Culinary & Serv. Employees Union, AFL-CIO Local 555 v. Hawaii Employee Ben. Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982) (citations omitted).  Russell did not file a separate notice of appeal for the district court's post-judgment award of costs to PMTC, nor did he amend his initial

notice to include the costs award. This court thus lacks jurisdiction over that award.

**AFFIRMED in part and DISMISSED in part.**