CHRISTIANE LAUMEIER et al., Respondents, v. CLIFFORD M. DOLPH et al., Appellants.

St. Louis Court of Appeals, February 4, 1913.

1. OPINION OF SPRINGFIELD COURT OF APPEALS ADOPTED. The opinion of the Springfield Court of Appeals in this case (145 Mo. App. 78) is adopted as the opinion of the court.

2. PLEADING: Variance: Action on Joint Contract: Recovery on Several Contract. Where, in an action against two or more defendants, the petition counts on a joint contract, but the evidence discloses a contract with only one of the defendants, a recovery may be had against such defendant.

171 Mo. App.—6

Appeal from St. Louis City Circuit Court.—*Hon.*
*Charles Claflin Allen,* Judge.

AFFIRMED.

*Frank K. Ryan* for appellants.

*Schnurmacher & Rassieur* for respondents.

REYNOLDS, P. J.—This case has had rather an
eventful passage through the courts. It was tried
in the circuit court of the city of St. Louis, resulting
in a verdict for plaintiff in the sum of $6000 against
the defendant Dolph. That defendant appealed to
the Supreme Court, but pending the submission of the
cause to that court, the jurisdiction of the Courts of
Appeals was increased to $7500, whereupon the Su-
preme Court transferred it to this court. Following
the provisions of the Act of June 12, 1909 (Laws 1909,
p. 396, now Sec. 3939, R. S. 1909), the cause was trans-
ferred from this court to the Springfield Court of Ap-
peals. There it was argued, the judgment of the cir-
cuit court affirmed but the cause certified to the Su-
preme Court, the decision being in conflict with a de-
cision of the Kansas City Court of Appeals in Meyers
v. Missouri, Kansas & Texas Ry. Co., 120 Mo. App.
288, 96 S. W. 737. The Supreme Court, having held
that the act providing for transfer of cases from one
Court of Appeals to another was unconstitutional, sent
the case back to our court, where it has been submitted
and argued.

On consideration, we hold that the statement of
facts and conclusions of law, as set out by Judge
NIXON, speaking for the Springfield Court of Appeals,
and reported under the title, Laumeier et al. v. Dolph,
145 Mo. App. 78, 130 S. W. 360, are correct.

Meyers v. Missouri, Kansas & Texas Ry. Co., su-
pra, rests upon that part of the decision in Bagnell

Timber Co. v. Missouri, Kansas & Texas R. R. Co.,
180 Mo. 420, 1. c. 463, 79 S. W. 1130, which holds that
when the petition charges a joint contract, the plaintiff
must recover upon the theory of a joint contract, or
not at all; that unless the evidence tends to support
a joint contract, plaintiff cannot recover, notwithstand-
ing the evidence may disclose a contract with one of
the defendants alone. In that case, on a second appeal,
the Supreme Court, 242 Mo. 11, 1. c. 20 to 21, 145 S. W.
469, distinctly overruled that part of the former opin-
ion. Following that, we accept and adopt the state-
ment of facts and conclusions of law as set out by
Judge Nixon, except as to the necessity of certification
to the Supreme Court.

The judgment of the circuit court is affirmed. *Nor-
toni* and *Allen, JJ.*, concur.