ROSE HARRIS, Respondent, v. WEBER MOTOR CAR COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals. Opinion Filed May 8, 1923.

1. **EVIDENCE: Sales: Breach of Warranty: Automobiles: Difference in List Price of Two Cars: Not Proper Evidence of Actual Value at Time of Sale.** In a purchaser's suit for breach of warranty seeking to recover for the difference between the purchase price paid defendant for an automobile and the amount received by plaintiff for

the car at a public auction eight months afterwards, the purchaser claiming that a Light Six automobile was delivered instead of a Special Six, the difference in value in the list price of the Special Six and the Light Six was not proper evidence of the actual value of the two cars at the time of the sale.

2. SALES: Breach of Warranty: Remedies of Vendee: Rule. The purchaser of an automobile, in the event there was a breach of warranty by the vendor, has only two courses open; first, take and keep the car and sue for damages growing out of a breach of warranty and recover the difference in the value between the car warranted or represented and the actual value of the car received at the time same was 'delivered; second, within a reasonable time reject and return the car to the seller, and recover the full amount paid on account of the purchase price.

3. ——: ——: ——: Damages: Measure of Damages. The general rule of damages for breach of warranty as to quantity and quality is the difference between the actual value of the property at the time of the sale and what the value would have been if it had conformed to the warranty, and while the purchaser of an automobile claiming a breach of warranty may keep the defective car so delivered, if he desires, and sell it rather than keep it before bringing suit for the difference in value of the car delivered and the one contracted for, yet such sale does not fix the damages which the seller ought to pay for the breach of a distinct and separate contract of sale.

4. APPELLATE PRACTICE: Parties Bound by Theory Adopted Below. The parties on appeal are bound by the theory adopted below.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Franklin Miller,* Judge.

REVERSED AND REMANDED.

*Burr S. Goodman* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action. Laumeier v. Dolph, 145 Mo. App. 84; Phares v. Jaynes Lbr. Co., 118 Mo. App. 546; Ferguson Implement Co. v. Parmer, 128 Mo. App. 300; Hayner v. Churchill, 29 Mo. App. 676, 683. (2) The court should have given the instruction in the nature of a demurrer offered by defendant at the close of plaintiff's case and again at the close of the whole case. (3) The court erred in permitting any evidence to be adduced as

to the amount received for said automobile when it was sold by the plaintiff at auction, for the reason that the disposition which the purchaser makes of property is an independent and collateral fact, having no connection with the bargain by which he acquired his title, and can have no legitimate bearing on the damages which another person ought to pay him for the breach of a wholly distinct separate contract. Brown v. Bigelow, Tenth Allen, 242; Wheelock v. Berkley, 138 Ill. 153, 44 L. R. A. 438; Mechem on Sales, sec. 1919; Sedgwick on Damages, sec. 762; Sutherland on Damages, sec. 670. (4) The court erred in giving plaintiff's instrucion No. 1 for the reason that said instruction did not instruct the jury as to the measure of damages, but permitted them to take into consideration the amount received at the sale of said automobile, which is clearly an error. Brown v. Bigelow, Tenth Allen, 242; Wheelock v. Berkley, 138 Ill. 153; Laumeier v. Dolph, 145 Mo. App. 84; Phares v. Jaynes Lbr. Co., 118 Mo. App. 546; Ferguson Implement Co. v. Parmer, 128 Mo. App. 300; Hayner v. Churchill, 29 Mo. App. 676, 683; St. Louis Brewing Assn. v. McEnroe, 80 Mo. App. 431; Brown v. Welder, 99 Mo. 568. The measure of damages in cases of this nature is the difference between the actual value at the time of the sale and what the value would have been if it had been as warranted. Hahna Breckenridge Co. v. Hally Bros. Mfg. Co., 140 S. W. 923; Matthews Oak Lawn Sugar Co. v. Sparks Bros. Mule Co., 141 S. W. 698; 5 L. R. A. (N. S.) 1151; Courtney v. Boswell, 65 Mo. 196; Laumeier v. Dolph, 145 Mo. App. 78; Spangler v. Kite, 47 Mo. App. 230; Gaus & Sons v. McGee Mfg. Co., 42 Mo. App. 311; Isaacs v. Wannamaker, 189 N. Y. 122.

*Montague Punch* for respondent.

(1) Where there has been a breach of contract of sale, there is a choice of the following remedies: First. To store or retain the property, and sue for the entire

contract price. Second. To keep the property as his own, and receive the difference between the market price, at the time and place of delivery, and the contract price. Third. To resell the property, acting as the other party's agent, and taking requisite steps to protect his interests, and recover the difference between the contract price and the price obtained by such resale. In the case at bar, respondent chose the third remedy, above referred to, this being the remedy which the authorities most favor as being more in consonance with justice and equity. Stewart Produce Company v. Robinson Company, 189 Mo. App. 658; Ingram v. Maththeim, 3 Mo. 209; Dobbins v. Edmonds, 18 Mo. App. 317; Van Horn v. Rucker, 33 Mo. 392; Kingsland Company v. St. Louis Iron Co., 29 Mo. App. 540; Anderson v. Frank, 45 Mo. App. 486; Ozark Lumber Company v. Chicago Lumber Co., 51 Mo. App. 561; Range Company v. Mercantile Co., 120 Mo. App. 447; Campbell v. Woods, 122 Mo. App. 723; Koernig v. Boat Mfg. Co., 155 Mo. App. 697; Oshler v. Fruit Company, 162 Mo. App. 455; Field on Damages, sec. 299; 2 Sedgwick on Damages (8 Ed.), sec. 750; 3 Parsons on Contracts, 208; Story on Sales, sec. 403. (2) The offer of the vendee to unconditionally return the object bought, was in full compliance with the contract of sale. An offer to return is equivalent to a return accepted. Osborne v. Mullikin, 88 Mo. App. 350; Benjamin on Sales, p. 864; Thornton v. Wynn, 12 Wheat. 183; Williams v. Hart, 2 Humphrey 68. (3) In relation to the measure of damages, which the buyer is entitled to recover, for breach of warranty, the rules are substantially the same as those governing in the case of the vendor's breach of his obligation to deliver. Benjamin on Sales, sec. 903. (4) Any affirmation of fact, and any promise by the seller relating to the goods, is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchased the goods relying thereon. A positive representation of fact is enough to render the seller liable. The

distinction between warranty and representation, which is important in some branches of the law, is not appropriate here. The representation of fact, which induces a bargain, is a warranty. Burns v. Limerick, 178 Mo. App. 149-150; Williston on Sales, p. 245. (5) It was the duty of the vendee to minimize the loss. It is the fundamental rule that one who is injured in his person or property by the wrongful or negligent act of another, whether as a result of a tort, or of a breach of contract, is bound to exercise reasonable care and diligence to avoid loss or to minimize the resulting damage. The vendee was justified in the case at bar, in reselling the automobile to minimize the loss, by stopping depreciation of the automobile, garage bills, insurance, etc. Sentney Grocery Co. v. Thompson, 216 S. W. 780; 13 Cyc., pp. 72-73; 2 Greenleaf on Evidence, sec. 261, and note; Douglas v. Stevens, 18 Mo. 363; Waters v. Brown, 44 Mo. 302; Harrison v. Railway Co., 88 Mo. 625; Shelby v. Railway Co., 77 Mo. App. 205; 17 Corpus Juirs, pp. 767-770. (6) Where a case is tried on a certain theory, from beginning to end, and evidence introduced and received without objection, as though such matters had been formally pleaded, the appellate court, in such state of the record, will do as the party should do, and overlook any question as to pleading. Steel & Wire Co. v. Simons, 110 Mo. App. 41; Hill v. Meyer Brothers, 140 Mo. 433; Stuart v. Outhwart, 141 Mo. 562; Simons v. Simcox, 75 Mo. App. 143; Pope v. Ramsey, 78 Mo. App. 157. In the case at bar, no objection whatever was made when evidence was introduced about the resale of the automobile by the vendee. (7) Where the petition seems to occupy an undefined middle ground, so as to enable the plaintiff to go to the jury on either one of several theories and no motion was made to make the petition more definite and certain, the court cannot be put in the wrong for charging the jury on either theory, which the petition and proof admit of. Gaus & Sons v. McGee, 42 Mo. App. 314. (8) (a) If defendant (appellant) desired to restrict plaintiff's

damages, it should have asked an instruction to that effect. If defendant desires more specific instructions on the measure of damages, he should ask for them. Robertson v. Wabash Railway, 152 Mo. 382; McCarroll v. Kansas City, 64 Mo. App. 283; Rose v. McCook, 70 Mo. App. 183; Dun v. Ry. Co., 81 Mo. App. 42. (b) Where no instruction is requested or refused as to damages, no question is presented for review on the subject. In the case at bar, neither plaintiff nor defendant offered any instruction on the measure of damages. There is, therefore, nothing before this court for review on the subject.

DAUES, J.—This is an action for damages for breach of warranty growing out of the sale of an automobile. The trial below resulted in a verdict and judgment for plaintiff for $920, and defendant appeals.

Defendant was engaged in the business of selling Studebaker automobiles in the city of St. Louis. Plaintiff's son, Harry E. Harris, negotiated the sale of a car from defendant for his mother, the plaintiff. According to plaintiff's evidence, the car contracted for was to be a "Special Six Coupe 1920" model, but that the car delivered turned out to be a "Light Six Coupe 1919" model. The deal was made January 17, 1920, and the car delivered on the 24th day of the same month. The order as signed by plaintiff's son was for a Light Six, though there is evidence on the part of the plaintiff that such designation was not in the order at the time the order was signed. The bill of sale designated the car as a "Special Six." At any rate, in the early part of May, 1920, plaintiff discovered that the automobile was a Light Six instead of a Special Six model. Plaintiff then called on defendant and offered to return the car and defendant declined to take same back.

Plaintiff paid defendant the sum of $2785 for the automobile, which included an allowance of $650 for an old car taken in the deal by defendant. On May 8, 1920, plaintiff, through her counsel, notified defendant that

since the car bought was a Special Six 1920 and the car delivered was a Light Six 1919, and since a tender of the automobile had been made to defendant, she demanded the return of $2785, the purchase price, and advised defendant that on Monday, May 10, 1920, suit would be insituted for said amount if same was not paid before that date.  The defendant not returning the purchase price, plaintiff took this somewhat unusual course: She advertised in the Daily Record, a legal publication in the city of St. Louis, for three successive days that she would sell the car at public auction to the highest bidder, and accordingly did sell the automobile at public auction on the Court House steps of the city of St. Louis to the highest bidder for the sum of $1600.  This sale was made in September, 1920, after the car had been in the possession of plaintiff since January of that year.  Plaintiff sues for the difference between $2785, the amount paid for the car, and $1600, the amount realized at the sale, with interest.

As will be seen, this is a purchaser's suit for breach of warranty, and the course pursued by the purchaser in this case is a novel one.  The petition seeks to recover for the difference between the purchase price paid defendant and the amount received by plaintiff for the car at public auction eight months afterwards, and the evidence touching the question of plaintiff's damages was based on such fact.  The evidence as brought here by the record nowhere discloses any difference between the actual value of the car received, to-wit the Light Six, at the time of the sale in January, 1920, and what the value would have been of a Special Six at that time.  There is some evidence in the record, given by plaintiff's son, that he saw a list price of the Studebaker cars and that there was a difference in such list price of $250 more for the Special Six than for the Light six, and while such evidence was not expressly ruled out by the court, the court did remark that such evidence was immaterial, and of course such was not proper evidence of the actual value

212 M. A.—8

of the two cars at the time of sale. There is some testimony on the part of the president of the defendant company as to the maximum range the two cars took during the year 1920, but nothing as to the difference of their value, if any, in January, 1920.

Defendant's chief assignment of error goes to the court's action in overruling defendant's demurrer to the evidence.

Plaintiff, the purchaser, in the event there was a breach of warranty by defendant, had two courses open to her. First, she could take and keep the car and sue for damages growing out of a breach of warranty. In that case, she could recover the difference in the value between the car warranted or represented and the actual value of the car which she received at the time same was delivered. Second, she could within a reasonable time reject and return the car to the defendant, the seller. In that case she could recover the full amount paid on account of the purchase price. Counsel for respondent says the purchaser had a third choice, to-wit "to resell the property, acting as the other party's agent, in taking requisite steps to protect his interests, and recover the difference between the contract price and the price obtained by such resale," and that the plaintiff in this case chose the third remedy.

Counsel relies confidently upon the case of Stewart Produce Co. v. Gamble-Robinson, 189 Mo. App. 658, 175 S. W. 319, a decision by this court. That case, in line with the volume of the law in this State on the subject, holds that a *vendor,* when the vendee breaches a contract of sale and refuses to accept the property contracted for, may either store or retain the property for the vendee and sue for the entire contract price, or he, the vendor, may keep the property as his own and recover the difference between the market price at the time and place of delivery and the contract price, or such vendor may resell the property, acting as the vendee's agent, and recover the difference between the contract price and the price obtained at such resale.

That is not the situation here. Here we have the vendee bringing the suit, and as presently advised it is our view that the goods being delivered she had only the two remedies above mentioned. [Excelsior Mfg. Co. v. Million, 174 Mo. App. 718, 161 S. W. 298; J. W. Jenkins Co. v. Kindle, 180 S. W. 557; Laumeier v. Dolph, 145 Mo. App. 78, 130 S. W. 360; Laumeier v. Dolph, 171 Mo. App. 81, 153 S. W. 510; Phares v. Jaynes Lbr. Co., 118 Mo. App. 546, 94 S. W. 585.]

Sutherland in his treatise on the Law of Damages (Vol. 2, 4th Ed., sec. 670), says: "The general rule of damages for breach of warranty as to quantity and quality is the difference between the actual value of the property at the time of the sale and what its value would have been if it had conformed to the warranty," citing cases from practically every State in the Union. Likewise, Benjamin on Sales (5 Ed.), p. 1001; 2 Sedgwick on Damages, Vol. 2, (9 Ed.), sec. 762.

Plaintiff stands exactly in the position as if she had retained the property and sued for the difference in the value of the cars at the time the purchase was made. We see no reason why the purchaser who chooses to keep the defective chattel so delivered cannot be permitted, if he desires, to sell the property rather than keep it before bringing suit for the difference in value of the article delivered and the one contracted for. But that fact makes no difference in the remedy nor in the measure of damages. The purchaser in that case proceeds as though the goods are retained and recovery is upon that basis. The disposition, though at public auction and at the court house door and after giving public notice by publication, does not change the situation. The disposition of the property by the purchaser is an independent and collateral fact and had no connection with the bargain by which the plaintiff acquired the property, and such sale does not fix the damages which the defendant ought to pay for the breach of a distinct and separate contract of sale. [Sedgwick on Damages, sec. 762; Sutherland on Damages, sec. 670.]

Counsel for respondent says that defendant cannot complain of an erroneous application of the measure of

damages in this case, for the reason that no instruction either for plaintiff or defendant was given on the measure of damages. It is true, there is no instruction on the measure of damages. Instruction No. I, however, given for plaintiff, comes close to submitting the erroneous rule above referred to. However, with no instruction whatsoever on the measure of damages, it still remains that there is no evidence in this record to support the verdict. Nowhere is there proof of any difference in value at the time of the sale of this car between the Light Six delivered and the Special Six contracted for. The evidence is that the price paid was $2785, and the resale price at auction was $1600, and this was the theory of damages plaintiff alleged and sought to prove, and none other.

Obviously, aside from the legal principles above discussed, an automobile bought in January and used, as plaintiff's son admitted, to the extent of 5000 or 6000 miles from January until May, and actually kept by the plaintiff until September of that year and then sold as a second-hand car at public auction, cannot be accepted under any hypothesis as a measure of damages in this case. It should be said that there is strong testimony on the part of the defendant that the plaintiff received the exact car contracted for; that the words "Special Six" were written into the bill of sale by mistake; that defendant did not receive even one car of the Special Six model until after the time this sale was made. The salesman who made the sale testified that he himself had never seen a Special Six until after that time. However, it is not within our province to weigh the evidence.

We are mindful, of course, of the rule that the parties on appeal are bound by the theory adopted below. That principle has no application here. Defendant interposed a demurrer to the evidence at the close of plaintiff's case and again at the close of the whole case and has properly preserved the point here for review. Appellant's position that the court erred in refusing to sustain said demurrer to the evidence is well taken, for the reason that

the evidence adduced did not show facts sufficient under the law to permit the jury to pass on the amount of damages, since there was no evidence to show a difference in the value between the Light Six car and the Special Six car, and this is the only measure of damages allowable under the facts and circumstances of this case.

The petition, though a wrong theory of damages is injected into same, is deemed sufficient to state a cause of action, especially after verdict. But we cannot escape the view that this judgment must be reversed because of the lack of evidence, as herein indicated. Judgment reversed and cause remanded. *Allen, P. J.,* and *Becker, J.,* concur.