HERMAN HESS, Defendant in Error, v. HERMAN EHRLICH et al., Plaintiffs in Error.

**Kansas City Court of Appeals.    October 7, 1912.**

CONTRACTS: Rescission: False Representations. Plaintiff purchased billiard and pool tables for a given price, part of which was paid in cash and an installment note given for the balance secured by mortgage on the tables. Ten months later plaintiff offered to return the property and demanded the amount already paid because of false representations as to the kind of cushions to be furnished with the tables. Upon the refusal of defendants to take the tables and refund the money, plaintiff brought suit. It is *held,* that upon consideration of all the evidence, plaintiff made no sufficient offer to rescind and no right to rescind existed at the time of the alleged rescission.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

REVERSED AND REMANDED.

*Spencer & Landes* and *Vinton Pike* for plaintiffs in error.

*F. B. Fulkerson, J. A. Graham* and *Hugh C. Smith* for defendant in error.

BROADDUS, P. J.—This suit arose out of a contract whereby the defendant sold to plaintiff certain billiard and pool tables and bowling alleys. The agreed price was $2500 of which sum a part was paid in cash and the remainder was to be paid in fourteen

monthly installments, each evidenced by a promissory note of plaintiff and secured by a mortgage on the property. The contract was in the form of an order, dated June 28, 1908, but the tables and alleys were not installed in plaintiff's place of business in the Robidoux Hotel in St. Joseph until the 15th day of September, 1908. Payments were made on the notes during the months of October, November, December, January, February and March following.

The plaintiff seeks to recover on the ground that defendants made fraudulent representations and warranty as to the character of the cushions to be put upon the tables before delivery. That is, they were to be "Monarch" cushions, whereas the defendants substituted inferior cushions. Plaintiff alleges that upon the discovery of the deception so practiced upon him by defendants, he tendered back to defendants said tables and bowling alleys and other property and rescinded said contract and demanded a return of the money he had paid as aforesaid to defendants for said property.

The written order signed by plaintiff contains no description of the kind and character of the tables, cushions and bowling alleys except the dimensions of five pool tables and one billiard table are given. A change, however, was made on delivery as to number of tables of the two kinds mentioned and four pool tables and one billiard table were delivered. No change was made in the prices. The order contains the following: "Purchasers are hereby notified that all articles bargained for must be enumerated on the contract before signing, and only such goods will be furnished as are herein mentioned. All claims for shortage or noncompliance with the contract must be made within five days of delivery of the goods."

There is no dispute but what there was a plate on a rail of each of the tables mentioned on which was inscribed the words "Dan Patch Cushion." Plaintiff

testified that defendant agreed to put in tables with
"Monarch" cushions and that when they were in-
stalled he discovered on the rails of the tables a plate
on which was inscribed the words "Dan Patch Cush-
ion." He was asked if he ever inquired of defendants
or of anyone else what this mark on the plates meant
and answered, "They didn't mean anything to me,
they had promised to give me 'Monarch' cushions and
I supposed that they had put them on."

Plaintiff introduced evidence tending to show that
on June —, 1909, he offered to return the property
to defendants and notified them that he had rescinded
the contract. On the side of defendant the evidence
tends to show that defendants took possession of the
property under the mortgage for default in the pay-
ment of some of the notes given for the purchase
price of the property.

The plaintiff's petition is in two counts. The first
is based on the ground of false representation as to
the kind of cushions to be furnished with said tables.
The second count is based upon a breach of warranty
of the contract for the sale of the property. In each
instance the prayer is to recover the money paid for
the property and interest thereon. The evidence
showed that plaintiff had paid various sums on his con-
tract which amounted to $891. The jury returned a
verdict for said sum with interest which amounted to
$964.07. From the judgment rendered on the verdict
defendants appealed.

It is plain to be seen that the cause must be re-
versed. In the first place the plaintiff, after having
used the property for a period of about ten months,
had no right to tender it back to defendants without
also tendering at the same time a reasonable sum for
its use. This is too plain for comment. Besides we
do not think he had any right to rescind the contract.
Any man with ordinary sense would have known from
the start that the tables were not equipped with "Mon-

arch'' cushions because the plates on the rails said in plain letters that they were ''Dan Patch'' cushions. The statement of plaintiff that the inscription on the plates meant nothing to him will hardly be received as true because it is incredible. We, therefore, hold that there was no sufficient offer to rescind and no right to rescind at the time of the alleged rescission.

But plaintiff has the right to maintain his action for breach of warranty. We believe the written order in evidence did not contain all the contract and that it was not the intention of the parties that it should. It is hardly probable that the tables were bought without some understanding as to their description, character, material, etc. However, plaintiff's measure of damages in such case would be the difference between the value of the tables as they were represented and the actual value at the time of the delivery.

Many questions are raised and discussed in the respective briefs but the case when reduced to its last analysis is free from any complications, and from what has been said it will be no trouble in another trial to place the issue before the jury in a single instruction. For the reasons noted the judgment is reversed and the cause remanded. All concur.