E. H. PITTIS, Respondent, v. CLAUDE BUNYARD, Appellant.

Springfield Court of Appeals, November 23, 1914.

1. **PLEADINGS: Amendments: When Permitted: Fraud in Sale of Land.** A petition alleged fraudulent representations in the sale of certain land. The answer denied the fraud and alleged that plaintiff held possession with knowledge of the facts for more than a year. Plaintiff was permitted to amend at the close of his case by alleging that defendant agreed to make arrangements satisfactory to plaintiff and to refund the money paid if he failed to do so. *Held,* that the amendment did not

allege a cause of action inconsistent with the original petition and it was not error to allow same.

2. **VENDOR AND VENDEE: Fraud: Recovery on Account of: Estoppel.** Where a party discovers a fraud practiced on him in the making of a contract he cannot, with that knowledge, make a new contract for a valuable consideration and afterwards seek to recover for fraud in the making of the original contract.

3. **PLEADINGS: Amendments: Vendor and Vendee: Fraudulent Representations.** Action against vendor. by purchaser in which false representations by vendor as to sale of land are alleged. An amendment alleging that vendor promised to make arrangements satisfactory to purchaser was permitted. *Held*, proper, as it did not show any new agreement for a valid consideration precluding a recovery for the fraud.

4. **VENDOR AND VENDEE: Fraudulent Representations: Pleadings: Harmless Error.** Where the petition, evidence and entire trend of trial show that plaintiff is suing to recover a payment made under a contract for the sale of land, the defendant being unable to perform his part of the contract the mere inadvertent inclusion in the petition of a claim for damages for a breach of the contract, which the instructions eliminated, will not prevent plaintiff recovering the payment.

Appeal from Dent County Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*G. C. Dalton, A. J. Arthur, J. J. Cope, J. D. Gustin, Wm. P. Elmer* for appellant.

(1) ' The clause, attempted to be added by amendment to the plaintiff's petition is inconsistent with the cause of action to be set up in his original petition, and the objection of the defendant, in open court, to said amendment should have been sustained. The Enterprise Soap Works v. Sayer, 51 Mo. App. 310. (2) The trial court erred in overruling defendant's motion for a new trial on the ground of newly discovered evidence. Pelanourges v. Clark, 9 Iowa, 1; Goff v. Mullhallan, 33 Mo. 202; Wilden v. Greenell, 19 Ill.

253; Marshall v. Union Ins. Co., Fed. Cas., No. 9134. (3) The plaintiff's action is *ex delicto* for fraud and deceit alleged to have been used to induce plaintiff into a contract to purchase certain land from defendant. The plaintiff was permitted to recover payment on rescission of contract, which plaintiff testified was made a long time after the alleged fraud and deceit occurred. Ryan v. Miller, 236 Mo. 496; Ohio v. Republic Iron & Steel Co., 104 Minn. 322.

*L..T. McGee* and *John M. Stephens* and *Lamar, Lamar & Lamar,* for respondent.

(1) Even if an amended petition is a clear departure, if the defendant pleads over, and goes to trial, he waives his right to object. A party objection to such an amendment must move to strike out such amended petition, and stand on his motion, to avail himself of such objection, and if he does not do so, the objection is waived. This though he objects and excepts to the amendment. Grymes v..Mill & Lumber Co., 111 Mo. App. 358; Light & Power Co. v. Machine Co., 170 Mo. App. 234; Jones v. Traction Co., 137 Mo. App. 412; Scoville v. Glassner, 79 Mo. 449; Liese v. Meyer, 143 Mo. 547; Grymes v. Mill & Lumber Co., 111 Mo. App. 361. (2) The original petition does not set out a cause of action for fraud and deceit, nor does the amended petition declare in equity for a rescission, but both declare on a cause of action accruing to plaintiff because of the fact that defendant received plaintiff's money under a contract induced by the fraud of defendant, but which defendant did not, and could not, carry out; an action for purchase money paid by plaintiff to defendant; an action, not to rescind a contract, but on one already rescinded or abandoned by defendant. Norris v. Letchwerth, 167 Mo. App. 553; Light & Power Co. v. Machine Co., 170 Mo. App. 224; Baston v. Clifford, 86 Ill. 67, 16 Am. Rep. 574; Porter

v. Citizens Bank, 73 Mo: App. 516; Gwyn v. Smur, 49 Mo. App. 361; Steward v. Wood, 63 Mo. 252; Ryan v. Dunlap, 111 Mo. 610; Kling v. Realty Co., 166 Mo. App. 190; Smith v. Tread, 85 N. E. 289; Kares v. Kovell, 62 N. E. 244; Larson v. O'Hara, 107 N. W. 821; Payne v. Hackney, 87 N. W. 608; Perrin v. Chidester, 139 N. W. 930; Railroad v. Adams, 60 N. E. 1004; Davis v. Rosenzweig, 84 N. E. 943; Vail v. Reynolds, 23 N. E. 301. (3) The cause of action stated in the petition will be tested by the facts recited therein, and not by the prayer thereof. The prayer will not be considered in testing the petition or its legal effect. Emmert v. Meyers, 65 Mo. App. 609. (4) Defendant's motion for new trial was properly overruled. The new evidence set forth in defendant's motion for new trial and in the affidavit filed therewith is only cumulative. Defendant testified concerning these same matters, and his evidence covered the same ground. Where evidence is merely cumulative of the defendant's own testimony and contradictory of the plaintiff's, motion for new trial should be overruled, based upon that ground. Plumbing Co. v. Hugunin, 156 Mo. App. 68.

STATEMENT.—The respondent recovered a judgment against the appellant in the sum of $1025. His petition alleged that he purchased of the defendant 104 acres of land in Dent county, sixty-four acres of which lay on one side of a certain public road and the remaining forty acres of which lay on the other side of said road; that he, the plaintiff, resided in St. Louis and was not familiar with the numbers of the land which he was purchasing; that defendant took plaintiff and his wife out to look over the land and pointed out the sixty-four acre tract (about which there is no dispute as to defendant's title) and a forty acre tract directly across the road. The plaintiff alleged that the defendant pointed out and told him that this forty acre tract directly across the road from the sixty-four

acre tract was a part of the 104 acres, whereas in fact
the defendant did not own the forty acre tract pointed
out but did own forty acres located some distance up
the road; that the forty acres which is owned by the
defendant is of far less value than the forty acre tract
pointed out to plaintiff as a part of the 104 acres plain-
tiff was buying; that the defendant knowingly, falsely
and fraudulently made such representation; that plain-
tiff paid $1100 to defendant as part payment on the
farm; that defendant represented that he would fur-
nish an abstract showing title in himself to this land
and make a warranty deed to the plaintiff for the
same; that in fact no abstract was ever furnished, nor
any warranty deed ever delivered to plaintiff; that re-
lying upon defendant's representations, plaintiff re-
moved his family from St. Louis to Dent county pre-
paratory to moving on and taking possession of the
farm; that there was a mortgage of $1000 against the
farm and that it was agreed between defendant and
plaintiff that $500 of the amount paid by the plaintiff
was to be applied on this mortgage and that the plain-
tiff was to assume the remaining $500 of indebtedness,
and that the defendant at no time complied with that
part of the agreement. The foregoing is a summary
of the facts alleged. The petition concludes as follows:

"Plaintiff says that by reason of the premises the
said $1100 so paid by plaintiff to defendant has been
wholly lost to plaintiff and that plaintiff has further
been damaged in the sum of $1000 on account of trouble
and expense in moving to and from said farm and for
loss of time. Wherefore plaintiff prays judgment
against defendant in the sum of twenty-one hundred
dollars and costs of this suit."

Defendant for answer alleged that he contracted
to sell the plaintiff the 104 acres which he, the de-
fendant, owned and had title to; that is, his allegation
is that he contracted to sell to plaintiff the forty acres
which lay farther up the road and not the forty acres

which was directly across the road from the sixty-four acre tract. The answer also sets up that the defendant became surety for plaintiff in the purchase of a farm wagon and some articles of merchandise which plaintiff needed to begin farming with to the amount of one or two hundred dollars, of which amount a part has been paid by defendant and that he is liable for the balance. The defendant further alleged in his answer that the plaintiff went into possession of the farm and resided thereon for something over one year, tilling the land and raising crops, knowing all the time that all the land contracted for did not lie in a contiguous body.

The plaintiff's evidence sustains the allegation of the petition as to the farm contracted for, the failure to furnish an abstract, or give a warranty deed to any land, and the failure to convey the forty acres which the plaintiff says he contracted for; and plaintiff further proved (which, in fact, was admitted) that he had paid $1100 to defendant in the course of their dealings with reference to this transaction.

At the close of the plaintiff's case he was permitted over the objections and exceptions of the defendant to amend his petition by inserting the words, "That defendant agreed at that time that he would make arrangements satisfactory to plaintiff, and that if he failed to do so he would refund to plaintiff the money paid by him."

The instructions of the court limited the amount of plaintiff's recovery to such sum as the jury found he had paid to the defendant, less any indebtedness or set-off in defendant's favor by reason of having become surety for the plaintiff. None of the instructions permitted a greater recovery than the amount paid by plaintiff to defendant, which, as before stated, was $1100.

## OPINION.

FARRINGTON, J.—We have examined the abstract and brief of counsel and are convinced that no reversible error was committed in the introduction of evidence or in the giving or refusal of instructions, provided the trial court's action in permitting the amendment of the petition can be sustained.

The appellant contends that the amendment to the petition changed the cause of action and hence should not have been permitted, the trend of the argument being that the original petition sought to recover damages occasioned by fraud and deceit, whereas the amendment changed the action to a suit for rescission. We are cited by counsel for appellant to the case of The Enterprise Soap Works v. Sayers, 51 Mo. App. 310. In that case, one count was based on the theory that there was no sale and the other count was based on a warranty that necessitated a sale; hence the court properly held that these two counts could not stand in the same petition because they were utterly inconsistent.

In our case, the plaintiff's petition counts on "no sale" because of fraud and deceit, and the amendment in nowise recognized or treated the transaction set forth in the original petition as a *sale,* but proceeded upon the theory that a fraud had been perpetrated, and in fact recognized that a mistake had been made in the numbers and lay of the land, and plaintiff says he was led into the mistake through fraud on the part of the defendant. The defendant denies that he agreed to sell plaintiff what plaintiff alleges he thought he was buying, and avers that he practiced no fraud on the plaintiff. The answer then sets up the fact that the plaintiff went into possession of the land under the original contract and had held it for a year or more with knowledge that he was not getting the forty acre tract which he alleged he should get. The amend-

ment of the petition was to relieve the plaintiff from a possible estoppel, or waiver of the fraud, because of his taking possession, the amended petition setting up the same facts that the original petition contained with the additional allegation that he did take possession but did so upon an agreement that defendant would make satisfactory arrangements with the plaintiff and that if he failed to do so he would refund plaintiff's purchase money. The plaintiff's allegation in the amendment as to the agreement in taking possession was not the basis of his suit but merely an explanation on his part of his conduct after he had discovered the fraud. As was held in the case last referred to, the different counts in a petition are inconsistent when proof of one necessarily disproves the other, so it is in determining whether an amendment changes the cause of action. The proof under the amendment is in nowise inconsistent with the charge and proof of fraud.

We are also cited to the case of Brown v. South Joplin Lead & Zinc Co., 231 Mo. 166, 132 S. W. 693. There is no doubt that the law is well settled that where a party discovers a fraud practiced on him in the making of a contract, he cannot, with that knowledge, make a new contract for a valuable consideration, and afterwards seek to recover for fraud in the making of the original contract. This proposition is also sustained by the decision in the case of Ryan v. Miller, 236 Mo. 496, 139 S. W. 128. But we are not confronted with such a condition in this case. The plaintiff here was entitled (according to his original contract) to receive a good title to 104 acres of land which he describes in his petition as well as the immediate possession to that land. His amendment as to a new agreement was to the effect merely that he did take posesssion and remained in possession upon the agreement that some satisfactory arrangement would be made. Taking possession of the farm was no more

than he was entitled to do under his original contract. There was no new consideration that passed for the additional or subsequent agreement set up in the amendment. That being true, this case falls without the rule as declared in the case of Brown v. South Joplin Lead & Zinc Company, supra, that in an action for fraud and deceit, if plaintiff entered into a new agreement, *for a valid consideration,* after he had knowledge of the falsity of defendant's representations which induced him to enter into the original contract, he is precluded from recovering for fraud and deceit. The petition in our case did not seek to recover special damages for fraud and deceit nor to effect a rescission of the contract, but proceeded upon the theory that the defendant himself had rescinded the contract and was unable and unwilling to carry out his part of the contract after receiving $1100 of the plaintiff's money. And while it is true the petition does ask for $1000 damages over and above the actual amount paid, the instructions of the court eliminated entirely any damages other than such as was occasioned by the payment and retention of the purchase money. There was nothing for the plaintiff to tender back to the defendant, if the plaintiff is to be believed, as his testimony shows he never received a deed nor an abstract to the land. The entire petition, except for the prayer for $1000 damages, and the whole theory of the trial proceeded on the right to recover the purchase money. The defendant joined issue on this question and lost. As was held in the case of City Light, Power, Ice & Storage Co. v. The St. Marys Machine Co., 170 Mo. App. 224, 156 S. W. 83, where the whole trend of the petition and the acts of the plaintiff and the evidence offered by him in support of his suit show that he is in reality suing on a rescinded contract to recover purchase money, the mere inadvertent inclusion in the petition of a claim for damages for a breach of the contract

will not preclude the plaintiff from suing to recover the purchase price on a rescinded contract.

The judgment is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.