J. H. HUNTER, Respondent, v. EDGAR B. SLOAN, et al., Defendants, EDWARD O. DENNIS, Appellant.

Kansas City Court of Appeals, November 27, 1916.

FRAUD AND DECEIT: Contracts: Material Part of Security. The plaintiff sued to recover the value of a security, amounting to $1600 from the defendants. The defendant Sloan sold a tract of land which he conveyed to plaintiff, but made a mistake in the deed, leaving out ninety-one feet, the most valuable part. The plaintiff sold the tract to Norman, who gave him back a promissory note for $1600, and secured the same by a deed of trust. The same mutual mistake was made in these deeds. Norman in turn sold it to the defendant Sloan. Sloan sold to Dennis and Dennis discovering the mistake in the deed, had Sloan deed the ninety-one feet to a sister of Dennis, thus placing it beyond correction. *Held*, that the plaintiff was entitled to recover the amount of his demand, *evidenced by note against the land*, which was so vitally impaired by the wrongful acts of the defendants.

Appeal from Sullivan Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*J. W. Clapp* and *D. M. Wilson* for appellant.

*Wattenbarger & Payne* for respondent.

JOHNSON, J.—Plaintiff began this suit July 10, 1915, to recover $1600 with interest from March 24, 1914, from defendants Edgar B. Sloan and Tressa E. Sloan, husband and wife, and their co-defendant Edward O. Dennis. The original petition alleges certain fraudulent practices on the part of defendants by which plaintiff was deprived of a material part of the security he was entitled to hold for the payment of a note of $1600 executed to him September 1, 1914, by George E. Norman and Allie E. Norman, and prays judgment against all of the defendants "for his debt of $1600 together with six per cent. interest thereon . . . and for all other

and proper relief." After summons was issued and served plaintiff filed an amended petition in four counts. The first was a repetition of the original petition with an additional allegation that in a conveyance of land to defendant Dennis, on which the Normans had given a trust deed to secure the payment of the $1600 note, Dennis "assumed the payment of plaintiff's said debt as a part of the consideration thereof."

The second count repeats the allegations in the original petition, does not allege that Dennis assumed the payment of the $1600 note and concludes with the allegation that plaintiff has been damaged by the wrongful acts of all the defendants in the sum of $1600, and prays judgment for such damages with interest. The third and fourth counts were dismissed by plaintiff before trial and there is no need of stating the respective causes of action they attempted to set forth.

At the conclusion of all the evidence the court gave the jury a peremptory instruction to return a verdict against defendants Edward B. Sloan and Tressa E. Sloan for the full amount of the demand pleaded in the first count and announced his intention of directing a verdict for all of the defendants on the second count. Whereupon plaintiff offered and was permitted, over the objection of defendant Dennis, to dismiss that count. The request of Dennis for a peremptory instruction on the first count was refused and issues of fact were submitted to the jury. The jury returned a verdict against all of the defendants for $1699 and the court rendered the following judgment on the verdict:

"It is ordered by the court that the plaintiff J. H. Hunter recover of and from the defendants Edward O. Dennis, Edgar B. Sloan and Tressa E. Sloan the sum of $1699 with interest at the rate of six per cent. from date of judgment, and it is further ordered by the court that on the full payment of said judgment and costs by the defendants or either of them shall vest in said defendants or either of them the absolute title to the $1600 note and deed of trust described in the pleadings and tendered by the plaintiff in the court, and now held by the clerk

of this court, and which said note upon such payment the clerk is directed to deliver to the defendant or defendants so paying such judgment.''

Dennis alone filed motions for a new trial and in arrest of judgment which afterward were overruled and he alone appealed.

The evidence discloses the following material facts. Edgar B. Sloan owned a tract of land near Milan which was described by metes and bounds and contained over four acres and for a sufficient consideration he and his wife sold and undertook to convey to plaintiff by warranty deed the whole of that tract. By mutual mistake the description in the deed left out ninety feet of the north side of the tract. The most valuable improvements were on this strip which had a value of two-thirds the value of the whole tract of which it was a part. Plaintiff recovered the deed and afterward sold the whole tract which then was subject to an encumbrance of $300 to Norman who, in part payment of the purchase price, gave to plaintiff the promissory note for $1600 above mentioned and joined with his wife in the execution of a deed of trust conveying the tract he had just purchased to secure the payment of the note. But the deed to Norman and the trust deed back to plaintiff, by mutual mistake, contained the same error in the description of the land and did not purport to affect the title to the north ninety-one feet, the record title to which still remained in Sloan. Afterward the Normans sold what they supposed was the entire tract to Sloan who in the deed of conveyance assumed the payment of the $1600 note in part payment of the purchase price. By mutual mistake the same erroneous description of the land was inserted in this last deed and the evidence shows quite convincingly that neither plaintiff, the Sloans, nor the Normans had any knowledge of this series of errors which were unintentionally committed, but all intended that the lien of the deed of trust should cover the whole tract, including the ninety-one feet and thought that such intention had been expressed in the various conveyances. Afterward Sloan and his wife

sold the whole tract to defendant Dennis and during the transaction, the fact became known to Dennis and the Sloans that the record title to the ninety-one feet had not been affected by the conveyances which started with the deed from Sloan to plaintiff but had continuously remained in Sloan and that on its face the deed of trust securing the $1600 note did not convey that strip.

Dennis and Sloan, after receiving this knowledge, conducted themselves in a manner to indicate a common plan and purpose to defraud plaintiff out of the security of the ninety-one feet which in equity and good conscience he was entitled to hold for the payment of the $1600 note. Sloan in his testimony would make it appear that he was the innocent dupe of Dennis. He states that in the first deed he and his wife executed to Dennis the latter assumed the payment of the $1600 note and that a week later Dennis, accompanied by a justice of the peace, came to his house at night and induced him and his wife to execute a new deed which, without his knowledge, provided only for the purchase of the land by Dennis, subject to the $1600 deed of trust.

But in the view we take of the case the issue of whether or not Dennis did assume the debt at first and then afterward procured a different deed relieving him from that burden, at most, should be regarded as relating to an evidentiary rather than to a constitutive fact of the cause of action which inured to plaintiff by reason of the fraudulent deprivation of a substantial part of his security which the proof shows, beyond question, he suffered. In carrying out the fraudulent scheme hatched by Dennis and Sloan, the latter and his wife deeded the strip of ninety-one feet to a sister of Dennis and deeded the remainder of the tract to Dennis, subject only to the deed of trust. Afterwards Dennis sold the strip of ninety-one feet to an innocent purchaser who received and recorded a warranty deed executed by the sister of Dennis. The result of this sale and conveyance was to place the strip beyond the reach of an action to correct the mistake in the deed of trust and to deprive plaintiff of the security which his right to a lien on that

strip afforded him. The value of the remaining security was about one-half the amount of the $1600 note, and the net result of the fraud, if it should be allowed to stand, would be a saving to defendants of, at least, half of the note of $1600.

Counsel for Dennis, the appellant, first complain of the overruling of a motion they filed to strike out the second, third and fourth counts of the amended petition for the reason that each of said counts stated an entirely different cause of action from that pleaded in the original petition. We think these counts were not subject to this criticism but if they were the error, if any, in overruling the motion was cured by the subsequent dismissal by plaintiff of all of them.

A number of other questions urged upon our consideration by appellant will be sufficiently answered in what we shall say in defining the cause of action pleaded in the first count which was the cause submitted to the jury. From the facts that this count contains the allegation that Dennis assumed the payment of the note and that the prayer is for judgment for plaintiff's "debt" of $1600, it is contended that the cause of action alleged is grounded in contract and is for the enforcement of Dennis' agreement to assume the payment of the debt. We are not unmindful of the fact that the second count which repeated the allegations of the first, with the single exception we have noted, prays for the recovery of damages and would seem to support the view that the pleader had in mind alleging a cause *ex contractu* in the first count and one *ex delicto* in the second. But in our construction of the pleadings we are not bound to adopt the conclusions of the pleader, nor are we to be much influenced by the nature of the prayer for relief which is no part of the statement of the cause of action. Given a pleaded group or collection of facts which the pleader treats as constitutive of his cause of action, it becomes the duty of the court to ascertain the nature and class of the asserted cause by synthesizing the alleged ultimate facts and not to fall into any error of classification

exhibited by the pleader in the prayer for relief which, as stated, constitutes no part of the statement of the cause of action.

Applying this rule of construction we find the first count states a cause of action in tort and not on contract. Plaintiff is complaining of a wrong, i. e. of being stripped of a part of his security by the fraudulent manipulations of defendants which were given a field of operation by an innocent mutual mistake in the deeds of conveyance. The fact, if it were a fact, that in the course of working out the scheme Dennis agreed to assume the debt and afterwards attempted to conceal that agreement, does not classify the cause which inured from the wrongful spoliation of plaintiff as one sounding in contract, but was merely evidence of the manner in which the fraud was accomplished.

And the measure of plaintiff's damages would be the amount of his demand, evidenced by the note—his "debt" against the land—which was so vitally impaired by the wrongful acts of defendants.

In what we have said we have answered most of the points urged by defendant. There was no prejudicial error in the rulings on the instructions and the judgment was responsive to the verdict. This being an action for damages which, as stated, were to be measured by the amount of the note with interest, it devolved on plaintiff to do as he did do—tender the note and deed of trust into court——and it was proper for the judgment to dispose of them. Manifestly the judgment is for the right party and should be affirmed. It is so ordered.

All concur.