**J. H. KING, Plaintiff-Appellant,**

v.

**S. D. GUY d/b/a S. D. Guy Tractor and Implement Company, Defendant-Respondent.**

**No. 7455.**

Springfield Court of Appeals. Missouri.

June 7, 1956.

Motion for Rehearing or to Transfer Overruled Jan. 19, 1957.

618

Ward & Reeves, Caruthersville, for plaintiff-appellant.

Blanton & Blanton, Sikeston, for defendant-respondent.

STONE, Judge.

In this jury-tried action to rescind the contract of sale by which plaintiff purchased a used 1953 Packard automobile from defendant on July 31, 1953, plaintiff sought to recover "the trade-in value" of $213 for an old Chevrolet, the five monthly installments aggregating $528 paid by plaintiff on the note given for the remainder of the sale price of the Packard (hereinafter referred to as the note), and minor items aggregating $45.42 incident to repairs on the Packard. In his counterclaim, defendant prayed judgment for the unpaid principal balance of the note, "interest as provided in said contract," and an attorney's fee of "15% of the balance due on said note." Defendant's motion for a directed verdict on plaintiff's alleged cause of action was sustained at the close of plaintiff's evidence; and thereafter, upon defendant's oral motion and *without further evidence,* the court entered judgment for defendant on his counterclaim "for $1,895.50 principal, $103.56 interest, and $294.35 attorneys fees, a total amount of $2,257.51." Plaintiff appeals.

Before he purchased the Packard, admittedly known to have been driven about 6,060 miles, plaintiff drove it but noticed nothing wrong with it then. He was induced to buy it (as he says) by defendant's express oral warranty that "there is not a thing in the world wrong with it—I will guarantee it for a year." On a trip to Harrisburg, Illinois, three days later, plaintiff and his son couldn't "figure out what was wrong" when the Packard stopped with "the gas gauge showing half full"; but, after being towed to the nearest ga-

rage, the automobile "run all right" when some gasoline was put in the tank. Within the next five months, a broken pipe in the gasoline tank was found, "a rattle in the front end" developed, the clutch began to slip and finally burned out on another trip to Harrisburg, "there was a roaring noise in the back end" which "kept getting worse," at times "the gear shift wouldn't work," and plaintiff had trouble with the shock absorbers, the door locks, the headlights, and a side ventilator window. Defendant did considerable work on the automobile; but, although some of the defects were corrected, plaintiff insists that the more serious were never remedied.

For such alleged breach of defendant's express oral warranty (if established to the satisfaction of the trier of the facts), plaintiff might have elected either (a) to have rescinded the contract of sale, returned the Packard to defendant, and recovered whatever he (plaintiff) had paid therefor, or (b) to have kept the Packard and recovered, in an affirmative action .or by set-off or recoupment when sued by defendant for the sale price, the damages occasioned by such breach of warranty;[1] but, plaintiff could not have pursued or intermingled the two inconsistent remedies at the same time, for the first is a disaffirmance, while the latter is an affirmance, of the contract of sale.[2] The record before us plainly shows that in January, 1954, plaintiff tendered the Packard to defendant, demanding in exchange the sum of $500 (slightly less than the $528 theretofore paid by him on the note); that the automobile was tendered in plaintiff's petition filed on February 13, 1954, and in his amended petition filed on June 25, 1954; and that, during trial on March 28, 1955, plaintiff's attorney stated that "we want to keep our tender going and we now ten-

**1.** Phelps Mfg. Co. v. Burgert, Mo.App., 115 S.W.2d 107, 108(1); Harris v. Weber Motor Car Co., 212 Mo.App. 107, 251 S.W. 121, 122(2); Blair v. Hall, Mo. App., 201 S.W. 945, 947(7).

**2.** Schroeder v. Zykan, Mo.App., 255 S.W.

2d 105, 111(7); Nickerson v. Whalen, Mo.App., 253 S.W.2d 502, 507; Pfeiffer v. Independent Plumbing & Heating Supply Co., Mo.App., 72 S.W.2d 138, 143 (6); Aeolian Co. of Missouri v. Boyd, Mo.App., 65 S.W.2d 111, 113.

der the automobile again to the defendant." We have no doubt but that plaintiff's action was for rescission [Spivey v. Gee, Mo.App., 200 S.W. 726]—a conclusion confirmed by the further fact that plaintiff's able counsel offered no evidence as to the difference between the value of the Packard as it was warranted to be and its actual value when delivered to plaintiff, which would have been the measure of damages if plaintiff, in reliance on the contract of sale, had sued for damages for breach of warranty.[3]

■ But, although plaintiff tendered the Packard to defendant in January, 1954, thus repudiating his right and title thereto,[4] he *thereafter* continued to drive the automobile "around town" until he had a heart attack on November 17, 1954 (borrowing other automobiles for out-of-town trips because he "was afraid to start" in the Packard), procured *public liability* insurance on the Packard, purchased in his name Missouri state license plates for the year ending September, 1955, obtained Portageville city automobile licenses for 1954 and 1955, and three days prior to trial refused to permit inspection of the automobile (then in plaintiff's garage) by defendant. Such use of and exercise of dominion over the Packard, after tender thereof to defendant, was not that of a mere bailee and found no legal justification in plaintiff's need for an automobile nor in his financial inability

(if so) "to have money invested in two automobiles at the same time."[5] In our view of the case, plaintiff waived his right to rely on rescission,[6] defendant's motion for a directed verdict on plaintiff's alleged cause of action was properly sustained, and the judgment for defendant thereon should be affirmed.

■ With respect to the judgment on defendant's counterclaim "for $1,895.50 principal, $103.56 interest, and $294.35 attorneys fees, a total amount of $2,257.51" entered on defendant's oral motion at the close of plaintiff's evidence, defendant argues that, since plaintiff admitted execution of the note and "his (plaintiff's) defense of rescission" failed, the judgment on the counterclaim should be affirmed. But, heeding the statutory injunction that "all pleadings shall be so construed as to do substantial justice" [Section 509.250; DeVault v. Truman, 354 Mo. 1193, 194 S.W.2d 29, 32; Dugan v. Trout, Mo.App., 271 S.W.2d 593, 597], plaintiff's admission in his reply that "he executed the note and chattel mortgage pleaded" in defendant's counterclaim, when read in the light of his averment that he (plaintiff) "is not liable to defendant for any sum whatever on account thereof," certainly could not be fairly said to have dispensed with the necessity of proof by defendant as to the unpaid balance of the principal sum of the note, as well as the amount of accrued interest and

3. Dubinsky v. Lindburg Cadillac Co., Mo. App., 250 S.W.2d 830, 832; Morten Lumber Co. v. Wisconsin & Arkansas Lumber Co., Mo.App., 268 S.W. 389, 390(1); Adams v. Hughes, Mo.App., 235 S.W. 168, 170(2).

4. Meinershagen v. Taylor, 169 Mo.App. 12, 23, 154 S.W. 886, 890; Mack International Motor Truck Corp. v. Raining, Mo.App., 251 S.W. 107, 109.

5. Brandtjen & Kluge v. Burd & Fletcher Co., 239 Mo.App. 268, 192 S.W.2d 651, 660(4); 46 Am.Jur., Sales, Section 765, pp. 895, 896.

6. Brandtjen & Kluge v. Burd & Fletcher Co., supra, 192 S.W.2d loc. cit. 659, 660

(2, 3); Aeolian Co. of Missouri v. Boyd, supra, 65 S.W.2d loc. cit. 114(6); Wayne Tank & Pump Co. v. Evans, Mo.App., 15 S.W.2d 895, 898(3, 4); Rock Island Implement Co. v. Wally, Mo.App., 268 S.W. 904, 912(11, 12); Mack International Motor Truck Corp. v. Raining, supra, 251 S.W. loc. cit. 108–109; St. Louis Carbonating & Mfg. Co. v. Loevenhart, Mo.App., 190 S.W. 627, 628(2); Sturgis v. Whisler, 145 Mo.App. 148, 130 S.W. 111, 113(6, 7). See also McCartney v. Taylor Aircraft Co., Mo.App., 140 S. W.2d 95, 99(2); Riverside Fibre & Paper Co. v. Benedict Paper Co., Mo.App., 201 S.W. 584, 587(4); Annotation 41 A.L.R.2d 1173; Annotation 77 A.L.R. 1165; Annotation 36 L.R.A.,N.S., 467.

the attorney's fee. And, upon the record before us, which we must take as it comes to us [Bennett v. Wood, Mo., 239 S.W. 2d 325, 327(2); E. C. Robinson Lumber Co. v. Lowrey, Mo.App., 276 S.W.2d 636, 644(21)], the judgment on the counterclaim cannot stand for the simple but basic reason that there was no evidence to support it, and the cause must be remanded for retrial on the counterclaim.

 Although mere institution of suit does not constitute a conclusive and irrevocable election of remedies,[7] it has long been settled that, where a party, having the right to pursue one of two inconsistent remedies, makes his election, institutes suit, and prosecutes it to final judgment, he cannot thereafter pursue another and inconsistent remedy,[8] irrespective of whether such judgment has been for or against the electing party.[9] " 'The basic concept of the doctrine of election is that a party shall not be permitted to insist at different times upon the truth of two inconsistent and repugnant positions, according to the promptings of his own interest, as to first affirm and later disaffirm a contract, or the like' " [Davis v. Hauschild, Mo., 243 S.W.2d 956, 959–960]; or, as our courts, borrowing from the vernacular of the Scotch, have stated it, a party may not both approbate and reprobate. United States Fidelity & Guaranty Co. v. Fidelity Nat. Bank & Trust ·Co., 232 Mo.App. 412, 109 S.W.2d 47, 49; Tower v. Compton Hill Imp. Co., 192 Mo. 379, 91 S.W. 104, 108. So, plaintiff in the instant case, having elected, voluntarily and with full knowledge of the facts, to disaffirm the contract and sue for rescis-

sion, a remedy clearly available to plaintiff when this action was instituted, and having pursued that remedy (albeit unsuccessfully) to a final judgment, may not, upon retrial of defendant's counterclaim, affirm the contract and, by recoupment or set-off, recover damages for breach of warranty.

The judgment is set aside and the cause is remanded for retrial on defendant's counterclaim in accordance with the views hereinbefore expressed, and with directions to re-enter the judgment for defendant on plaintiff's amended petition when final judgment is rendered.

McDOWELL, P. J., and RUARK, J., concur.

## On Motion for Rehearing

 In his vigorous motion for rehearing, plaintiff insists that his suit was for damages for breach of warranty and that we have wronged him in holding that it was for rescission or, characterized more accurately and precisely, for recovery of the consideration paid by plaintiff under the rescinded contract of sale. When "it [thus] becomes necessary to determine the nature of the cause, that determination is based upon construction of the complaint" [Williams v. Illinois Cent. R. Co., 360 Mo. 501,. 229 S.W.2d 1, 2(3), 20 A.L.R.2d 322; Hilderbrand v. Anderson, Mo.App., 270 S.W. 2d 406, 409(3)]; or, as otherwise stated,. "(t)he form of the action is determined by the substance of the petition." [10]

7. Otto v. Young, 227 Mo. 193, 127 S.W. 9, 18(19); Brayton v. Gunby, Mo.App., 267 S.W. 450, 452(3, 4); Maiden v. Fisher, Mo.App., 17 S.W.2d 563, 565(3); Marquis v. Pettyjohn, Mo.App., 212 S. W.2d 100, 104.

8. Tooker v. Missouri Power & Light Co., 336 Mo. 592, 80 S.W.2d 691, 695, 101 A.L.R. 365; Cowan v. Young, 282 Mo. 36, 220. S.W. 869, 873; Johnson-Brinkman Commission Co. v. Missouri Pac. Ry. Co., 126 Mo. 344, 28 S.W. 870, 872,

26 L.R.A. 840; Boogher v. Frazier, 99 Mo. 325, 12 S.W. 885, 886; 18 Am.Jur., Election of Remedies, Sec. 20, p. 143.

9. Baker v. Aetna Casualty & Surety Co., Mo.App., 193 S.W.2d 363, 367(8); Keystone Press v. Bovard, 236 Mo.App. 156,. 153 S.W.2d 130, 131–132(2); Powell v. Schultz, Mo.App., 118 S.W.2d 25, 30(6); 28 C.J.S., Election of Remedies, § 14, p. 1087.

10. Webster v. Sterling Finance Co., 351

In his amended petition on which the case was tried, plaintiff set out the contract of sale, including defendant's oral warranty, detailed the particulars in which (as plaintiff alleged) said warranty had been breached, then stated that "by reason of (said) facts plaintiff did offer to return the (Packard) to the defendant and * now offers to return the same to defendant and obtain from the defendant his (plaintiff's) promissory note * together with the cash payments that he has made and other outlays hereinafter pleaded," and emphatically averred that "he (plaintiff) did request defendant Guy to rescind said contract of sale and to return to plaintiff his promissory note and chattel mortgage, as well as the agreed value of $213 of the Chevrolet automobile delivered to defendant, but defendant refused to accept the same and refused to comply with his contract of warranty aforesaid, and plaintiff here and now again tenders to defendant said Packard automobile." Plaintiff's prayer was for $786.42, the sum of "the trade-in value" of $213 for an old Chevrolet, five monthly installments aggregating $528 paid by plaintiff on the purchase-money note, and payments aggregating $45.42 for repairs to the Packard. Plaintiff neither pleaded nor proved the difference (if any) between the warranted and actual value of the Packard.

As we have pointed out, an action for recovery of the consideration paid under a rescinded contract of sale and an action for damages for breach of warranty are wholly inconsistent and utterly repugnant, for the first necessitates and depends upon disaffirmance, but the latter affirmance, of the contract of sale.[11] Absent any plea in the alternative under Section 509.-110, RSMo 1949, V.A.M.S., plaintiff in the instant case no more could have affirmed and disaffirmed the contract of sale at the same time and in the single count of his amended petition than a wayfarer could have traveled in opposite directions at the same moment [compare Kemp v. Woods, 363 Mo. 427, 434, 251 S.W.2d 684, 687], and the amended petition must be held to have charged a cause of action *either* for recovery of the consideration paid upon the rescinded contract of sale *or* for damages for breach of warranty—not for both.[12]

As under prior codes,[13] "the pleadings continue to be of the greatest utility in defining the issues of a case" tried under our present code.[14] "* * * (T)he petition is to be of the same usefulness as be-

Mo. 754, 173 S.W.2d 928, 931; Duvall v. Stokes, Mo.App., 270 S.W.2d 419, 423 (7). See also White v. Scarritt, 341 Mo. 1004, 111 S.W.2d 18, 21(4); Young v. Hall, Mo.App., 280 S.W.2d 679, 681 (2); 1 C.J.S., Actions, § 46, p. 1100.

11. See cases cited in footnote 2, supra.

12. Discussions with respect to the sufficiency of a petition to permit or support a judgment on any of two or more theories *not* inconsistent and repugnant, as on an express contract or on quantum meruit [In re Hukreda's Estate, Mo., 172 S.W.2d 824, 826(5); Emerson v. Treadway, Mo.App., 270 S.W.2d 614, 621], or as for conversion or breach of contract [Osborn v. Chandeysson Electric Co., Mo., 248 S.W.2d 657, 661 (2)], or as for damages by reason of negligence or violation of the Federal Safety Appliance Act [Henry v. Cleve-

land, C. C. & St. L. Ry. Co., 332 Mo. 1072, 61 S.W.2d 340, 341(4), certiorari denied 290 U.S. 627, 54 S.Ct. 70, 78 L. Ed. 546], obviously have no relevancy here.

13. Compare Conrad v. Diehl, 344 Mo. 811, 129 S.W.2d 870, 872(2); Kleinlein v. Foskin, 321 Mo. 887, 13 S.W.2d 648, 654(4); Christian v. Connecticut Mut. Life Ins. Co., 143 Mo. 460, 45 S.W. 268, 270(6); Currier v. Lowe, 32 Mo. 203; Morrison v. Painter, Mo.App., 170 S.W. 2d 965, 971(14).

14. Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S.W.2d 25, 28; Grapette Company v. Grapette Bottling Company, Mo. App., 286 S.W.2d 34, 38; Williams v. City of Illmo, Mo.App., 279 S.W.2d 196, 201; Smith v. Githens, Mo.App., 271 S. W.2d 374, 381(23); Hilderbrand v. Anderson, Mo.App., 270 S.W.2d 406, 409.

fore, or of more usefulness than before, in plainly stating the facts upon which the plaintiff relies as showing that he is entitled to recover." Gerber v. Schutte Inv. Co., 354 Mo. 1246, 1251, 194 S.W.2d 25, 28. Pleadings are not to be used to conceal issues or to ambush the adverse party [Krummenacher v. Western Auto Supply Co., 358 Mo. 757, 761, 217 S.W.2d 473, 475(2); Hilderbrand v. Anderson, supra, 270 S.W.2d loc. cit. 409], and "the court should not be charged with assuming that the pleader intended to conceal one cause of action within another." Wollums v. Mutual Ben. Health & Accident Ass'n, 226 Mo.App. 647, 655, 46 S.W.2d 259, 264(8).

 Generally speaking, the same rules which govern the interpretation and construction of other writings are applicable to pleadings.[15] So, the language of a pleading is to be given its plain and ordinary meaning and such interpretation as *fairly* appears to have been intended by the pleader.[16] In determining the cause of action sought to be alleged, the petition must be read "from its four corners" [State ex rel. Dutcher v. Shelton, 249 Mo. 660, 691, 156 S.W. 955, 963] and in its entirety;[17] and, when it is reasonably possible to do so, effect should be given to every part of the petition.[18] We may consider not only the facts pleaded but also the relief sought. Kemp v. Woods, supra, 251 S.W.2d loc. cit.

688(4), and cases there cited. "(I)n the final analysis, the question becomes what is the gravamen of the complaint and the gist of the action, in the resolution of which we 'cannot resort to mere guesswork or speculation to determine whether a particular cause of action is pleaded' and we must be concerned by what the petition alleges or fails to allege, rather than by what counsel may say. State ex rel. Hendrix v. American Surety Co. of New York, Mo. App., 176 S.W.2d 67, 69(1), 70(6)." Hilderbrand v. Anderson, supra, 270 S.W.2d loc. cit. 410. See also Section 509.250, RSMo 1949, V.A.M.S., and Hunter v. Sloan, 195 Mo.App. 69, 73–74, 190 S.W. 57, 59(2).

 Application of the foregoing principles to the amended petition in the case at bar leaves us with no doubt but that it should be construed as predicated on rescission (or disaffirmance) of the contract of sale. To reach a contrary conclusion, it would be necessary for us "to rob, by construction, language of its plain and obvious meaning, or of the fair, reasonable, and obvious conclusion to be deduced therefrom" [Hood v. Nicholson, 137 Mo. 400, 414–415, 38 S.W. 1095, 1098], and to ignore those substantial portions of plaintiff's amended petition which clearly charge, in emphatic and unequivocal terms, an attempted rescission of the contract of sale.

15. State ex rel. Kansas City Missouri River Nav. Co. v. Dew, 312 Mo. 300, 319, 279 S.W. 65, 71; Milliken v. Thyson Commission Co., 202 Mo. 637, 654, 100 S.W. 604, 608; 71 C.J.S., Pleading, § 53, p. 119.

16. Hickory County v. Fugate, 143 Mo. 71, 79, 44 S.W. 789, 792; Stillwell v. Hamm, 97 Mo. 579, 586, 11 S.W. 252, 253. See also State ex rel. Wurdeman v. Reynolds, 275 Mo. 113, 127, 204 S.W. 1093, 1097, and cases collected in footnote 7 under Section 509.250, RSMo 1949, 30 V.A.M.S.

17. State ex rel. Kansas City Missouri River Nav. Co. v. Dew, supra, 279 S. W. loc. cit. 71(3); Hoeller v. St. Louis

Public Service Co., Mo.App., 199 S.W.2d 7, 10(5–7); Phillips v. Thompson, 225 Mo.App. 859, 864, 35 S.W.2d 382, 385 (1). See also Benner v. Terminal R. Ass'n of St. Louis, 348 Mo. 928, 937, 156 S.W.2d 657, 660(4), certiorari denied 315 U.S. 813, 62 S.Ct. 798, 86 L. Ed. 1211; Missouri District Tel. Co. v. Southwestern Bell Tel. Co., 338 Mo. 692, 93 S.W.2d 19, 23–24(11); 71 C.J. S., Pleading, § 53, loc. cit. 120.

18. Consult 71 C.J.S., Pleading, § 53, loc. cit. 121; Hood v. Nicholson, 137 Mo. 400, 413–415, 38 S.W. 1095, 1098; Milliken v. Thyson Commission Co., supra, 100 S.W. loc. cit. 608; Cheatham v. Kansas City Life Ins. Co., Mo.App., 241 S.W.2d 47, 51(1).

This, we may not do. Hoeller v. St. Louis Public Service Co., Mo.App., 199 S.W.2d 7, 10(5–7).

■ Our judgment that plaintiff's amended petition states a cause of action predicated on rescission is strengthened by the statement in plaintiff's motion for rehearing that "while it is true the *original petition was one in equity for rescission* and cancellation of the note, yet the *amended petition* stated positively that since the note given for part of the purchase price had been redelivered to the defendant 'under the present state of the pleadings herein plaintiff is not in need of equitable relief.'" But, plaintiff's action was not changed from one "for rescission" to one for damages for breach of warranty, simply by striking that portion of the petition which invoked equitable relief. For, a petition may count upon rescission even though no equitable relief is sought, as is illustrated by the numerous cases[19] which recognize a purchaser's right, under otherwise appropriate circumstances, to maintain *an action at law* for recovery of the consideration paid under a *rescinded* contract of sale, *if, prior to institution of suit, he has made timely return or* (as plaintiff in the instant case alleged and proved) *tender* of the property.

Furthermore, the conduct of plaintiff and his counsel upon trial significantly comports with, and tends to confirm, our construction of the amended petition. Consult Kelley v. National Lead Co., 240 Mo. App. 47, 55, 210 S.W.2d 728, 731(2); Clardy v. Kansas City Public Service Co., 227 Mo.App. 749, 753, 42 S.W.2d 370, 372 (5). If plaintiff's trial theory had been for damages for breach of warranty, evidence of plaintiff's tender of the Packard to defendant obviously would have "had no place in the case." Spivey v. Gee, Mo. App., 200 S.W. 726, 727. Yet, the record reveals that, on *direct* examination, plaintiff was asked what he did "with reference to tendering this automobile back to Mr. Guy," evoking an extended response showing timely tender by plaintiff in January, 1954, *prior to institution of suit*; that plaintiff's counsel then developed that "when suit was first filed you (plaintiff) also tendered the car in your pleadings"; and that, "to keep our tender going," counsel followed with the statement, "we now tender the automobile again to the defendant—Mr. King (plaintiff) has already signed the certificate of ownership." The tender was emphasized by the last two questions and answers on *redirect* examination of plaintiff; and, before closing plaintiff's case, his counsel introduced in evidence the certificate of title to the Packard, duly assigned by plaintiff. The record before us persuasively demonstrates that plaintiff regarded proof of timely tender as of the essential essence of his case, and that the repeated references to tender may not be dismissed as inadvertences, asides, or forensic showmanship.

■ Being convinced beyond doubt, as we are, that "the whole trend" throughout the pleadings and the trial was to recover the consideration paid under a rescinded (and disaffirmed) contract of sale [City Light, Power, Ice & Storage Co. v. St. Mary's Mach. Co., 170 Mo.App. 224, 233, 156 S.W. 83, 86; Pittis v. Bunyard, 184 Mo.App. 502, 510, 170 S.W. 423, 425; Spivey v. Gee, supra], nothing could be better settled than that plaintiff is restricted and held on appeal to the same theory. Welch v. McNeely, Mo., 269 S.W.2d

19. Dahler v. Meistrell, 224 Mo.App. 815, 821, 24 S.W.2d 238, 241–242(5); Jones v. Norman, Mo.App., 24 S.W.2d 191, 194 (1); Girdner v. Alley, Mo.App., 256 S.W. 832, 833(2); Sturgis v. Whisler, 145 Mo.App. 148, 155, 130 S.W. 111, 113. Consult also Kesinger v. Burtrum, Mo.

App., 295 S.W.2d 605, 608; Witte v. Cooke Tractor Co., Mo.App., 261 S.W.2d 651, 659(13); Green v. Security Mut. Life Ins. Co., 159 Mo.App. 277, 294–295, 140 S.W. 325, 332(10); Kingman-Moore Implement Co. v. Ellis, 125 Mo. App. 692, 699, 103 S.W. 127, 128–129.

871, 875(2), and cases there cited. In the mellifluous cadence of my erudite and esteemed brother, "(h)aving chosen [his] mount in the court of first instance, [he] must ride it on through the appellate court" [State ex inf. Mooney ex rel. Stewart v. Consolidated School District No. 3, Mo. App., 281 S.W.2d 511, 515(9)], or in the blunter but equally expressive parlance of a revered master of law and language, "(h)e made his own bed at the trial * * * (l)et him lie in it above as below." Long v. Lackawanna Coal & Iron Co., 233 Mo. 713, 732, 136 S.W. 673, 678.

Plaintiff further insists that, in any event, we erred in holding that, upon retrial of defendant's counterclaim, plaintiff might not affirm the contract and, by recoupment or set-off, recover damages for breach of warranty—a ruling not essential to disposition of the instant appeal but believed to have been advisable and proper in the interest of minimizing the possibility of error upon such retrial. In reaching the stated conclusion, we did not overlook the distinction between an election of remedies and a mistake of remedies, which finds expression in the principle that misconceived choice and futile pursuit of an imaginary and non-existent remedy do not preclude subsequent prosecution of a substantial and existent one.[20] But, plaintiff's evidence in the instant case established that, when he made his election, i. e., when he instituted suit on February 13, 1954,[21] he then had a choice between two substantial and existent, but wholly inconsistent and utterly repugnant, remedies, to-wit, either (a) for recovery of the consideration paid under the rescinded contract of sale for the Packard which he *theretofore* had tendered to defendant or (b) for damages for breach of warranty.[22] Plaintiff then stood, so to speak, at the fork in the creek. He elected to follow the route of rescission (or disaffirmance) rather than of affirmance. The choice was his, not ours. His attempt to reach the destination of adequate recovery over either of the two available routes necessarily carried with it the possibility of failure and the risk of defeat.[23] True it is that plaintiff did not

20. Pemberton v. Ladue Realty & Construction Co., 359 Mo. 907, 911, 224 S.W.2d 383, 385(4, 6); State, at inf. of Dalton ex rel. Tucker v. Mattingly, Mo. App., 275 S.W.2d 34, 39(5); DeMott v. Great American Ins. Co. of New York, 234 Mo.App. 31, 36, 131 S.W.2d 64, 67 (9–10); Autocar Sales & Service Co. of Missouri v. Holscher, Mo.App., 11 S.W.2d 1072, 1074; 28 C.J.S., Election of Remedies, § 12, p. 1080; 18 Am.Jur., Election of Remedies, Section 24, p. 146.

21. Two or more inconsistent remedies must have been available and known to the electing party "at the time he proceeded" [Pemberton v. Ladue Realty & Construction Co., supra, 224 S.W.2d loc. cit. 385(6); DeMott v. Great American Ins. Co. of New York, supra, 131 S.W. 2d loc. cit. 67(8)] or "at the time the election is made." Autocar Sales & Service Co. of Missouri v. Holscher, supra, 11 S.W.2d loc. cit. 1074(4).

22. In those cases in which a purchaser, after an unsuccessful attempt to recover on *rescission*, has been granted a retrial (without discussion of the legal basis for such grant), *the remedy of rescission was imaginary and non-existent when first invoked*. Bush v. Norman, Mo.App., 199 S.W. 721(1); Aeolian Co. of Missouri v. Boyd, Mo.App., 138 S.W.2d 692, 695 (4); Id., Mo.App., 65 S.W.2d 111; Sinclair Refining Co. v. Nat. L. McGuire Oil & Supply Co., Mo.App., 221 S.W. 378, 382; Hess v. Ehrlich, 166 Mo.App. 636, 150 S.W. 716. Not analogous to or controlling in the instant situation are cases in which the purchaser, relying on a plea of *total* failure of consideration, sometimes has been *denied* [National Tube Works Co. v. Ring Refrigerating & Ice Mach. Co., 201 Mo. 30, 98 S.W. 620, 629–631(3); Outcault Advertising Co. v. Schierbaum, Mo.App., 209 S.W. 982, 985–986(8, 9); Monarch Metal Weather-Strip Co. v. Hanick, 172 Mo.App. 680, 155 S.W. 858, 860(7)] and sometimes has been *granted* [Phelps Mfg. Co. v. Burgert, Mo.App., 115 S.W.2d 107; Texas Co. v. Mexico Power Co., Mo.App., 249 S.W. 423] a retrial to enable him to show *partial* failure of consideration.

23. See cases cited in footnote 9, supra.

reach the point of no return until, on March 28, 1955, he went over the falls of an adverse judgment [24]—adverse because, at some point and time along the route (which we need not undertake to fix), his own conduct, in the long-continuing use of and exercise of dominion over the Packard not in keeping with his status as a mere bailee, ripened into a waiver of his right to recover on rescission.[25] That plaintiff did not see fit to turn back and take the route of affirmance, while he yet might have done so, again was a matter of his own volition, not ours.

Plaintiff's choice between two available but inconsistent remedies was not "a mere technicality" (as plaintiff now suggests) but was a substantial matter [18 Am.Jur., Election of Remedies, Section 32, loc. cit. 153]—as substantial as always must be the choice between affirmance and disaffirmance or, even more simply put, between "yes" and "no." And (contrary to plaintiff's contention unsupported by citation of authority), defendant may invoke plaintiff's (now irrevocable) election without showing that he (defendant) would suffer disadvantage or loss unless plaintiff were required to stand by his election. In re Franz' Estate, 344 Mo. 510, 523, 127 S.W.2d 401, 406(16); United States Fidelity & Guar. Co. v. Fidelity Nat. Bank & Trust Co., 232 Mo.App. 412, 415, 109 S.W. 2d 47, 48(4). We need not here anticipate questions of pleading which may or may not arise upon retrial of defendant's counterclaim.

Careful review of the facts and of the law has strengthened our conviction that the views expressed in our opinion were correct. Accordingly, the motion for rehearing or to transfer is overruled.

McDOWELL, P. J., and RUARK, J., concur.

24. See cases cited in footnote 7, supra.

25. See cases cited in footnote 6, supra.