**E. Manne RUSSO and Ferrell E. Russo, Plaintiffs-Respondents,**

**v.**

**HILLTOP LINCOLN–MERCURY, INC., a corporation, Defendant-Appellant.**

No. 34279.

Missouri Court of Appeals, St. Louis District.

March 28, 1972.

Speer, Herzog & Ponfil, by Theodore D. Ponfil and Don R. Sherman, St. Louis, for plaintiffs-respondents.

Lashly, Caruthers, Rava, Hyndman & Rutherford, by Darold E. Crotzer, Jr. and Alan J. Steinberg, St. Louis, for defendant-appellant.

CLEMENS, Judge (Commissioner when cause submitted).

Plaintiffs' new automobile burned up because of a defective electrical system. They sued defendant-dealer for breach of warranty and recovered $4,228.33 damages. Defendant appeals.

Although not requested (Civil Rule 73.01(b), V.A.M.R.), the trial court filed Findings of Fact and Conclusions of Law.[1] Paraphrased, these are the findings and conclusions:

The new automobile purchased by plaintiffs was destroyed by fire through no fault of theirs. The fire was caused by either defective wiring or workmanship and the defects were substantial, existing at the time of purchase when the value was $3,918.61 but the car was rendered worthless as a result of the fire. Plaintiffs expended $109.72 to rent an automobile and $200 interest on the financed portion of the purchase price. The car was delivered to the dealer by plaintiffs immediately after the fire in as good condition as possible in view of the defect. Defendant had expressly warranted against defects in parts or factory workmanship; had impliedly warranted the car as well and had breached the warranties given in the sale of the automobile. The total damage was $4,228.33. It was unnecessary to determine whether this is a case of rescission or a suit for damages since in either event the plaintiffs would be entitled to the same amount of damages.

We have examined the transcript and find the trial court's findings to be fully supported by plaintiffs' evidence. Defendant offered none.

The express warranty here is in a 30-page booklet of the Ford Motor Company and adopted by the defendant dealer. The pertinent parts:

"Basic Vehicle Warranty. Ford Motor Company . . . warrants to the original retail purchaser . . . each part of a new and unused 1968 model Ford-built passenger car . . . to be free under normal use and service from defects in factory material and workmanship . . .

"General Warranty Provisions. . . . All the warranties shall be fulfilled by the Selling Dealer . . . at his place of business replacing with a genuine new Ford part . . . or repairing any such defective part, free of charge . . ."

Defendant's first Point Relied On is that "Plaintiffs failed to . . . satisfy the conditions precedent" under the warranty. The point is abstract, but reference to defendant's argument shows they contend plaintiffs failed to deliver the burned-out car to defendant for repair or replacement of defective parts. Plaintiffs

---

1. A practice most helpful on appeal, and in accord with Canons of Judicial Ethics 1.19, V.A.M.R.: "In disposing of controverted cases, a judge should indicate the reasons for his action in an opinion showing that he has not disregarded or overlooked serious arguments of counsel. He thus shows his full understanding of the case, avoids the suspicion of arbitrary conclusion, promotes confidence in his intellectual integrity and may contribute useful precedent to the growth of the law. . . ."

did return the car immediately after the fire and we accept the trial court's finding the car was then "junk" and "worthless." Defendant argues that under the warranty its liability was limited to repairing or replacing defective parts. That provision of the warranty implies the car was repairable. Here it could not be; it was worthless junk. At trial time the defendant had the car, still not repaired. It would be ludicrous to require plaintiff to ask defendant to do the impossible. "Laws governing warranties, express and implied, should be so administered as to be fair to all parties concerned. Such warranties should be meaningful." Jacobson v. Broadway Motors, Inc., Mo.App., 430 S.W.2d 602 [4].

We hold plaintiffs did meet the warranty's condition precedent and that defendant is liable for its breach.

■ In its second point defendant contends: "The trial court erred in failing to find whether the judgment was for damages [for breach of warranty] or for rescission of the contract of sale." As stated, the trial court found it was unnecessary to determine that academic issue since the amount of plaintiffs' recovery would be the same in either event. We agree.[2]

Plaintiffs' evidence was that before the fire their car was worth $3,918.61, the purchase price, and after the fire it was worthless. In its brief defendant argues against the logic of those valuations but at trial defendant offered no value evidence. We accept the trial court's assessment of basic damage at $3,918.61.

■ Last, defendant contends the trial court erred in allowing plaintiffs $109.72

for cost of renting a car between two dates unspecified in the evidence, findings or judgment. This on the ground defendant's warranty expressly excludes the expense of car rental. We agree. Plaintiffs rely on an exception to § 400.2–719(2), V.A.M.S. That section permits contractual modification of warranties except "Where circumstances cause an exclusive or limited remedy to fail of its essential purpose . . ." We do not believe there is such failure of purpose here. Plaintiffs' measure of damages was the $3,918.61 value of the car at the time of destruction, plus interest from the time of filing suit, September 6, 1968. The trial court erred in the $109.72 car rental allowance. We note the trial court also allowed plaintiffs $200 for interest paid on their car loan for some period of time unspecified in the record. That, too, was beyond the defendant's liability under its warranty.

The cause is reversed with directions to the trial court to enter a new judgment for plaintiffs for $3,918.61, plus six per cent interest thereon from September 6, 1968. Costs are to be taxed against defendant.

PER CURIAM:

The foregoing opinion by CLEMENS, J., a commissioner when the case was submitted to the Court, is adopted as the opinion of this Court. Accordingly, the cause is reversed with directions to enter a new judgment for plaintiffs.

BRADY, C. J., and DOWD, SMITH, SIMEONE, and WEIER, JJ., concur.

---

2. For an excellent treatise on distinctions between a buyer's remedies of rescission and breach of contract see the opinion of Stone, J., in King v. Guy, Mo.App., 297 S.W.2d 617.